(No. 35729.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES VALENTINE, Plaintiff in Error.

*Opinion filed September 22, 1961.*

ROBERT L. BERNER, JR., of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff in error, James Valentine, the defendant, and Frank Lesure were convicted of murder after a trial by the court without a jury. Defendant was sentenced to the penitentiary for a term of 20 years. He brings this writ of error under Rule 65—1 to review his conviction.

For the purposes of this writ of error, there is relatively little dispute as to the essential facts. The deceased, Betty Dews Hardwick, was fatally shot in a tavern on July 20, 1958, by Frank Lesure. Defendant, together with Lesure and Ernest Ivy, had planned to rob the tavern, and defendant and Lesure had entered the tavern for that purpose. They seated themselves separately at the bar. After a short time, Lesure moved toward a door, pulled a gun, and, according to the testimony of the proprietor, Sam Dews, ordered Dews to get behind the bar. Miss Hardwick said, "Don't do that." Lesure pulled the trigger on the gun, apparently intending to shoot Dews but instead shooting and killing Miss Hardwick. Lesure, who testified, admitted the shooting, but denied saying anything to Dews. According to the

testimony of Lesure, although he and defendant had entered the tavern for the purpose of committing a robbery, Lesure had abandoned the intention of committing a robbery because the proprietor appeared alert to the danger. Lesure testified that he was about to leave the tavern and was attempting to signal his intention to defendant, and that he shot only after Dews had drawn a gun. The record shows that Dews did own a revolver, which was in the tavern at the time of the shooting, but Dews denied having the gun in his hand. Lesure's description of the gun which he claims Dews had differed from the gun shown at the trial to belong to Dews.

Defendant makes two contentions on this writ of error. First, he contends that he was convicted of a crime not charged in the indictment. Secondly, he contends that the act of Lesure in shooting Miss Hardwick was not in furtherance of the common design, and that therefore defendant cannot properly be convicted of murder.

With respect to the first contention, defendant argues that he was charged in the indictment with the murder of Betty Dews Hardwick, whereas he was actually tried and convicted on the theory of "felony murder." Defendant cites Ill. Rev. Stat. 1957, chap. 38, par. 363, which provides that when a killing is committed in the prosecution of a felonious intent, the offense shall be deemed and adjudged to be murder. Defendant's theory is that this creates a crime separate and distinct from that of murder and that he could not properly be convicted under the indictment. No motion to quash the indictment was made and there is nothing in the record to indicate that defendant was taken by surprise or was in any way unaware of what the State would attempt to prove. Defendant cites the case of *People* v. *Randolph*, 2 Ill.2d 87, in support of the proposition that in a felony murder case, the indictment should allege the felony to supply the necessary elements to make the killing murder. Our holding in the *Randolph case*, however, was merely to

the effect that the allegation in the indictment that a murder took place during the commission of a robbery did not make the count of the indictment duplicitous as an attempt to charge the crimes of robbery and murder in the same count. We do not regard the decision in the *Randolph case* as determinative of the issue here. Defendant's argument overlooks the fact that, quite apart from the question of whether or not the killing took place during the commission of some other felony, Lesure killed the deceased after going into the tavern with defendant for the admitted purpose of committing an unlawful act, and that the killing was a consequence of such act. Under such circumstances, both may be convicted of murder. *People* v. *Rudecki,* 309 Ill. 125; *Brennan v. People,* 15 Ill. 511.

Defendant next contends that his conviction should be reversed because the shooting was not in furtherance of the common design of defendant and Lesure. His sole basis for this contention is the testimony of Lesure that before he shot Miss Hardwick he had given up the idea of robbing the tavern and was in the process of leaving. However, other testimony, to the effect that Lesure pulled a gun and ordered the proprietor behind the bar, tends to disprove Lesure's claim that he had abandoned the robbery. The trial judge, who saw and heard the witnesses, was not obliged to believe Lesure's testimony and disbelieve that of the other witnesses. Moreover, even if Lesure's testimony is accepted at face value and he had actually decided not to proceed with the robbery, he had not communicated this decision to defendant, and there is no showing that defendant had abandoned the idea of committing a robbery, and, therefore, the testimony of Lesure in this regard does not help defendant. (*People* v. *Rybka,* 16 Ill.2d 394, 406.) Finally, when defendant and Lesure entered the tavern for the purpose of robbery, they did so knowing that something might develop to cause them to change their minds and to beat an unplanned retreat or to effect a withdrawal without accom-

plishing their original purpose. A killing under these circumstances is just as much a result of their unlawful scheme as if they had been actually engaged in the robbery, and the trial court was warranted in finding defendant guilty of murder.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*