(No. 37570.—⬛⬛⬛⬛⬛⬛)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DENNIS DOHERTY, Plaintiff in Error.

*Opinion filed September 27, 1963.*

HOWARD C. SORENSEN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Dennis Doherty was indicted together with James Bracken, LeRoy Buick, Phillip Kolep, Eugene Avery, Roy McGovern and Donald Coglan in the criminal court of Cook County for the murder of Roseann Beckman. Doherty was tried separately before a jury which found him guilty and fixed his sentence at 14 years confinement in the penitentiary. On this writ of error he asserts that the evidence does not prove his guilt beyond a reasonable doubt.

About 2 o'clock in the morning of June 30, 1960, Bracken, Buick and defendant were riding in Buick's car when they were stopped by a parked car blocking the street. The occupants of that car, namely, Kolep, Avery, McGovern, Coglan and Roseann Beckman were standing outside the parked car. Kolep walked over to Buick's car and talked to Bracken. The woman began walking down the street and Kolep got into the back seat of Buick's car. Buick drove about ½ block to where the woman and Coglan were standing and arguing. Coglan and McGovern struck the woman and knocked her down. They then picked her up and placed her in the back seat of Buick's car. Buick, Bracken and defendant rode in the front seat and Kolep, Coglan, McGovern, Avery and the woman rode in the back seat while they drove another ½ block into an alley. There one or more of the group had intercourse with the woman.

When one of the group said he thought she was dead, Coglan, McGovern, Avery and Kolep ran. Defendant got back into the car with Buick, Bracken and the woman, and Buick drove to a weeded area along some railroad tracks. Defendant got out of the car and ran home while Buick and Bracken threw the woman into the weeds. When the police found her, she was dead.

It is conceded that a blow by one of the group causing the woman to strike her head on a sidewalk resulted in her death. The police testified that defendant in several oral statements admitted having intercourse with the woman, but in his signed statement he said he was going to have intercourse with her but he did not have a chance. At the trial he denied having intercourse with her.

It is first argued that defendant cannot be guilty of a "felony murder" because the People failed to prove that Roseann Beckman was alive at the time sexual intercourse took place. Defendant was tried and convicted pursuant to that part of the proviso in section 145 of division I of the Criminal Code (Ill. Rev. Stat. 1959, chap. 38, par. 363) which provides that when an involuntary killing is committed in the prosecution of a felonious intent the offense shall be deemed and adjudged to be murder. It was not necessary therefore that the evidence show the successful commission of a felony, (see *People* v. *Valentine, 22* Ill.2d 554,) but the evidence must show a killing in the prosecution of a felonious intent. The jury found that the evidence showed beyond a reasonable doubt that Roseann Beckman was killed during the prosecution of the felonious intent to rape her and in our opinion they were justified in so finding.

Defendant also asserts that we should follow the cases of *People* v. *Mighell, 254* Ill. 53, and *People* v. *Crenshaw, 298* Ill. 412, where this court reversed murder convictions based on evidence that the defendant killed deceased with a blow from his bare fist. The murder conviction in each of those cases was apparently based on that part of the proviso

also in section 145 of division I of the Criminal Code (Ill. Rev. Stat. 1959, chap. 38, par. 363,) which provides that "where such involuntary killing shall happen in the commission of an unlawful act, which in its consequences naturally tends to destroy the life of a human being * * * the offense shall be deemed and adjudged to be murder". The holding in each of those cases was that striking a blow with the bare fist "was not such an unlawful act as in its consequences would naturally tend to destroy the life of a human being under any conditions reasonably to be anticipated." (254 Ill. 53, 59). In each of those cases, however, the fatal blow was not struck in the prosecution of a felonious intent as is the case here.

It is also argued that the evidence fails to show that defendant participated in the prosecution of the felonious intent to rape the deceased. We believe the jury was justified in finding that the evidence shows more than the mere presnce of defendant at the scene of the crime and his negative acquiescence therein. His written statement that he would have had intercourse with the woman when her will to resist had been overcome, if he had had a chance, shows he shared the common design of the group. *People* v. *Rybka,* 16 Ill.2d 394.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*