(No. 39278.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOHN ASHLEY, Appellant.

*Opinion filed March 24, 1966.—Rehearing denied May 18, 1966.*

MICHAEL G. KADENS, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and STUART P. SHAPIRO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Petitioner was convicted of armed robbery after a jury trial in the circuit court of Cook County and sentenced to imprisonment for a term of 15 years to life. This court, on writ of error, affirmed the conviction (*People* v. *Ashley,* 18 Ill.2d 272), and *certiorari* was denied by the United States Supreme Court. *Ashley* v. *Illinois,* 363 U.S. 815, 4 L. Ed. 2d 1157, 80 S. Ct. 1255.

The cause is now before us for review of proceedings upon a post-conviction petition. It is contended that error was committed in that: (1) the petitioner's request for counsel other than the public defender in the post-conviction proceedings should have been allowed since petitioner was there seeking to challenge the adequacy of his representation by the public defender in the original trial; (2) the representation of petitioner by the public defender in the post-conviction proceedings was so incompetent and inadequate as to deprive petitioner of due process; (3) the court should have ordered petitioner's return from the penitentiary so that he might be present in person at the hearing upon his petition; (4) the original trial errors set forth in his petition, including his alleged absence from the courtroom when the jury returned its verdict, are not *res judicata.*

Adequate appraisal of the merits of petitioner's argument can be made only in the context of the entire history of the post-conviction proceedings. However, a description of those proceedings as detailed as might be desirable would extend this opinion beyond reasonable limits. As shortly stated as adequacy permits, the record before us indicates the following: Defendant's conviction was affirmed by this court on January 22, 1960, and *certiorari* denied by the United States Supreme court on June 6. On June 23, defendant filed a verified *pro se* petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1959, chap. 38, pars. 826-832) including much argument as to the correctness of the evidentiary and procedural rulings in the trial court and requesting appointment of counsel other than the public defender since one of the allegations of the petition was that he had been incompetently represented by the public defender in his initial trial. On July 7, the public defender was appointed counsel, and the case assigned to Judge Ashcraft. Judge Ashcraft had served as the original trial judge following allowance of petitioner's motion for a change of venue from the judge to whom the case had originally

been assigned. Upon receiving notice (July 27) of this action petitioner apparently wrote Judge Ashcraft and Judge Austin requesting non-public defender counsel and assignment of the post-conviction proceedings to another judge since petitioner was alleging Judge Ashcraft had been prejudiced against him during the trial. On October 21, Judge Ashcraft wrote petitioner indicating his request for other counsel had been allowed and naming the attorney appointed to represent defendant. Thereafter appear copies of two letters from petitioner to his attorney indicating that the attorney had visited petitioner at the penitentiary, and that petitioner was attempting to ascertain what investigation counsel had made as to information given him by petitioner. The last letter, dated July 30, 1961, asked that counsel withdraw since he had not answered petitioner's letters and petitioner felt he had no interest in the case. August 2 petitioner wrote the court requesting other counsel in view of his appointed attorney's apparent failure to act. August 16, petitioner's counsel wrote him, returning to him the trial transcript, disagreeing with petitioner's views respecting counsel's apathy, and indicating his intention to withdraw.

While the record is unclear as to specific times, it is apparent that other counsel (experienced and capable in criminal matters) was appointed to represent defendant. A filed appearance is dated November 2, 1961. As a result of Judge Ashcraft's death, the case was reassigned. It is apparent from other letters that new counsel also conferred with petitioner at the penitentiary and that petitioner subsequently, apparently in November, 1962, wrote Chief Judge Boyle concerning the lack of action by appointed counsel, and that the chief judge turned over this letter to petitioner's counsel for attention. On December 6, 1962, an amended post-conviction petition, dated June 1, 1962, signed by petitioner, and prepared by his counsel, was filed reasserting in modified form the major allegations of the original pe-

tion and adding a contention that perjured testimony had been employed by the State during the trial of defendant. The People moved to dismiss the amended petition, maintaining that no constitutional questions were raised thereby and that in any event petitioner was precluded from questioning all matters which were raised or might have been raised on his original writ of error.

On March 7, 1963, Chief Judge Boyle continued the hearing on the amended petition to April 30, 1963, and ordered that defendant be brought to the Cook County jail in anticipation of the hearing. Treating this order as a denial of the motion to dismiss, the People answered the amended petition, reasserting the allegations of the motion to dismiss and additionally denying the allegations in the amended petition.

During this period numerous *pro se* pleadings were apparently filed with the circuit court of Cook County including an application for a writ of *habeas corpus ad testificandum,* and *subpoena duces tecum,* and a petition for a writ of *mandamus.* Also filed in this court were two motions for leave to file petitions for writs of *mandamus* which we denied.

May 7, 1963, petitioner and his appointed counsel appeared before Chief Judge Boyle. At that hearing petitioner's counsel stated that he had some further investigation to do, including a list of 31 names to check, but that he would be ready in two weeks. He also indicated petitioner would prefer someone else to represent him, but that counsel would remain and "do his best" unless petitioner wanted him replaced. Petitioner was then sworn and questioned by the judge as to his desires. While petitioner's replies were somewhat equivocal, it is clear that he felt counsel "hasn't taken any action in my case", and when asked if he wished counsel to withdraw he replied that he wanted the court to "do something". Counsel then indicated he felt he should withdraw, the court allowed him to do so, and stated its in-

tention to appoint the public defender. Petitioner objected and counsel urged the court to appoint a "bar association" attorney in view of the allegations of incompetency of the public defender at the original trial. The judge then announced his intention to appoint a non-public defender attorney as successor counsel. Petitioner complained of sleeping on "the concrete floor", was asked by the judge if he wanted to return to prison, and stated he "wanted to go somewhere until the matter was straightened out". His return to the penitentiary was then ordered.

While the record contains no explanation for the change, the transcript of a hearing on September 24 indicates all counsel then agreed that Chief Judge Boyle had, on July 9, 1963, appointed the public defender who appeared before Judge Napoli on September 24 on petitioner's behalf. That hearing consisted almost entirely of arguments by the public defender urging appointment of another "bar association" attorney since petitioner so desired. This request was denied and the cause continued for a full hearing on the merits on October 24, 1963. Apparently, the cause was thereafter continued to February 25, 1964. On that date the same assistant public defender who had represented defendant in September appeared on his behalf and the cause was heard by Judge Napoli. A new request to return petitioner from the penitentiary was denied, as was the renewed request for other counsel, and the cause was then heard on the amended petition and the answer denying the allegations of the petition and asserting the defense of *res judicata*. While, contrary to the statement in petitioner's brief here, the transcript of that hearing clearly indicates that the assistant public defender called the court's attention to the allegation that perjured testimony was used at the trial, no evidence was introduced to support this or any other allegation set forth in the amended petition. Following the statement by the assistant public defender of the petitioner's contentions and a summary of the State's position and answer, together

with introduction of a transcript of the original trial proceedings, the petition was denied.

It is apparent that two of the contentions in both the original and amended petitions, *i.e.,* incompetency of trial counsel and involuntary absence of the defendant from the courtroom when the jury's verdict was returned, could have been raised on petitioner's original writ of error. We have consistently held that where review has once been had by a writ of error, including presentation of a bill of exceptions, any claim which might there have been raised, but was not, is considered waived. (*People* v. *Hamby,* 32 Ill.2d 291; *People* v. *Witherspoon,* S. Ct. Misc. No. 3559, January, 1964; *Ciucci* v. *People,* 21 Ill.2d 81, 85; *People* v. *Dolgin,* 6 Ill.2d 109, 111.) Only where the application of the waiver principle would be inconsistent with concepts of fundamental fairness has this salutary rule been relaxed by this court. (*People* v. *Hamby,* 32 Ill.2d 291.) In *Hamby,* relied upon by petitioner, the accused had, on his original writ of error, attempted to place before this court questions that his appointed counsel apparently refused to pose, and ultimately requested this court to strike the abstract and briefs filed by his appointed counsel, and to appoint other counsel, or, in the alternative, to permit him to proceed *pro se.* We had denied his motion *in toto.* It is apparent that the defendant there had consistently and continuously sought to place before this court certain contentions on his original writ of error that were not presented by his appointed counsel. Under such circumstances it could not fairly be said that defendant had "waived" such contentions, raised subsequently in a post-conviction proceeding, by not having argued them on the original writ of error. Here, however, no such factor is present. There is no showing that petitioner sought to raise issues on his original writ of error other than those actually presented to and discussed by the court. Accordingly, all questions that could have been raised there,

but were not, are deemed waived and may not now be presented.

Two other arguments are intertwined—that the court erred in requiring petitioner to accept as counsel a representative of an office whose representation of petitioner in his initial trial was claimed to be inadequate; and that representation by an assistant public defender at the ultimate hearing on the post-conviction petition was, in fact, so inadequate as to constitute a denial of due process. Petitioner's contention that he should have counsel other than the public defender was not entirely without merit since it was, in part, inadequate trial representation by that official of which defendant was complaining although, as we have indicated, such complaint is now barred as *res judicata*. It is, however, apparent that the judges twice complied with petitioner's request, and that one of the lawyers so appointed was making a complete investigation and would have been ready for hearing within 2 weeks of the time at which petitioner indicated his desire that "something else" be done. There is conferred by the Post-Conviction Hearing Act no absolute right to non-public defender counsel, and those statutes which do give a right do not confer an unlimited right. (*E.g. People* .v. *Gray*, 33 Ill.2d 349, 353-355.) Allowance of motions for appointment of successive non-public defender counsel is discretionary, and, while such request should be granted upon a proper showing, we believe the facts here fail to establish any abuse of discretion by the trial judges.

Interwoven with the charge of incompetency of counsel is, apparently, petitioner's belief that none of five lawyers who appear to have represented petitioner in the post-conviction proceedings ever thoroughly investigated his case prior to the hearing, and that the absence of evidence supporting his allegations concerning the use of perjured testimony in his original trial was the direct result of a lack of

preparation by appointed counsel. The record does not disclose the amount of preparatory or investigative work done by any of the attorneys. Petitioner would have us assume they did little or none, and that competent counsel would have produced evidence establishing the alleged falsity of portions of the trial testimony. Petitioner's argument would have a more solid foundation if the petition or accompanying affidavits affirmatively alleged facts demonstrating the availability of such evidence. It does not. The petition alleges only that certain trial testimony of officer James Pittacora relating to the seizure from an apartment occupied by petitioner of a watch, admitted into evidence at the trial as a State exhibit, was false in that the watch actually was received by Chicago police officers from one Everett Milligan; that petitioner did not know officer Pittacora would so testify at the trial, and that evidence to rebut this testimony was "unavailable to him at that time". The petition further states petitioner "is informed and he believes, and as such states the fact to be, that evidence is now availabe [*sic*] to show wherein the testimony of the said James Pittacora was false and perjurious," and that petitioner has no knowledge as to whether the State knew of the alleged falsity of this testimony. We note from the cross-examination of officer Pittacora, included in the report of proceedings at the original trial, no indication that defendant was then surprised by officer Pittacora's testimony. Petitioner did not testify at his trial.

We have previously held a post-conviction proceeding is not a device for determining guilt or innocence, but is a new proceeding for purposes of inquiry into the constitutional phases of the original conviction which have not already been adjudicated. (*People* v. *Dale,* 406 Ill. 238, 245; *People* v. *Jennings,* 411 Ill. 21, 26.) Such a petition must make a substantial showing that a defendant's constitutional rights have been violated and allegations of conclusions to

that effect will not suffice. *People* v. *Reeves,* 412 Ill. 555, 560.

We believe that it was incumbent upon petitioner in his petition or accompanying affidavits to identify with reasonable certainty the source from which the alleged evidence of perjury would be forthcoming, that it was available, and of what it would consist, for this is the purpose of the statutory requirement that affidavits, records or other material supporting the allegations of the petition accompany it, or their absence be explained. While the amended petition makes no explanatory statement, copies of letters stated by petitioner to have been sent by him in an effort to secure jail and police records and information relating to Everett Milligan's presence in an Indiana penal institution appear in this record as exhibits attached to what is denominated a "Petition for Writ of Error Under Post-Conviction Hearing Act". These exhibits do not appear to have been before the circuit court. Had they been, we might assume they would have demonstrated an effort by petitioner to secure the evidence he alleged to have been "available", but the fact remains that there is nothing there or elsewhere indicating Everett Milligan is alive, available or what his testimony would be if he is actually the source of petitioner's evidentiary claims. We cannot assume now that such evidence is in existence and available on the basis of unsupported conclusionary assertions in the petition.

While petitioner strenuously argues that his representation in the post-conviction proceedings by appointed counsel was so inadequate, indifferent to his cause and incompetent as to amount to no representation at all, it is well settled that in order to establish incompetency of counsel, actual incompetent representation and substantial prejudice to the defendant as a result thereof must be established. (*People* v. *Gray,* 33 Ill.2d 349; *People* v. *Morris,* 3 Ill.2d 437.) Nor can charges of incompetency be based solely upon assertions.

(*People* v. *Wolff,* 19 Ill.2d 318; *People* v. *Francis,* 356 Ill. 74.) Petitioner argues that since his appointed counsel introduced no evidence on his behalf at the hearing and actually did nothing more than reiterate the allegations appearing in the petition, incompetency is manifest. Appointed counsel undoubtedly have the duty to investigate and prepare to the extent reasonably necessary to adequately present their client's cause. Petitioner's request for other counsel having been renewed by the public defender at the September 24, 1963, hearing and there denied, that officer thereafter knew petitioner's representation was his responsibility and presumably acted accordingly. We cannot now assume the absence of evidence at the February, 1964, hearing is due solely to lack of investigation by counsel. The basic difficulty, however, is the absence of any showing that specific, identifiable evidence exists, and certainly we cannot charge counsel with incompetency for failure to introduce evidence not shown to be existing and available.

Lastly, it is argued that petitioner was entitled to be present at the post-conviction hearing. We earlier noted petitioner had been returned from prison so as to be present for the hearing and was at that time represented by counsel, established by his appearances in this court as competent in the area of criminal law, who indicated his need for an additional 2 weeks in which to complete his preparation for hearing. Because of petitioner's lack of confidence in counsel, he was allowed to withdraw and petitioner was returned to prison at his request. A petitioner's presence at a post-conviction hearing is a matter ordinarily committed to the sound discretion of the hearing judge (Ill. Rev. Stat. 1963, chap. 38, par. 122—6), and without a clear showing of prejudice the lower court's determination on this question will not be disturbed on appeal. (See *People* v. *Jennings,* 11 Ill.2d 610, 614.) We believe that, under the circumstances here, denial of the request for petitioner's return was not error.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*