(No. 39274.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DENNIS H. DOHERTY, Appellant.

*Opinion filed Dec. 1, 1966.—Rehearing denied Jan. 17, 1967.*

Ward, J., took no part.

JAMES T. FITZGIBBON, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and E. JAMES GILDEA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Petitioner, Dennis Doherty, whose conviction of murder was affirmed on writ of error, (*People* v. *Doherty*, 28 Ill.2d 528,) now appeals from an order of the circuit court of Cook County which, on motion of the People, dismissed his petition seeking relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1963, chap. 38, par. 122—1 *et seq.*) It is his contention that allegations asserting the denial of constitutional rights at the time of his arrest, during detention, and in the course of his trial were sufficient to require a hearing.

The petition alleges that petitioner was awakened in the home of his mother at 5:00 A.M. and arrested without a warrant, and charges that an arrest at such time and in such manner violated his rights under the fourth and fourteenth amendments to the United States constitution and sections 2 and 6 of article II of the Illinois constitution. Manifestly, such allegations are not in themselves sufficient to provoke an inquiry into the denial of a constitutional right. At the time of petitioner's arrest there was statutory authority permitting an arrest to be made at any time of day or night, (Ill. Rev. Stat. 1959, chap. 38, par. 659,) and also permitting an arrest without a warrant when law enforcement officers have reasonable grounds for believing that the person to be arrested has committed a crime. (Par. 657.) These statutes and their counterparts elsewhere have long with-

stood constitutional attack, (See: *Monroe* v. *Pape,* (DC Ill.), 221 F. Supp. 635; *North* v. *People,* 139 Ill. 81; *People* v. *Jones,* 31 Ill.2d 240,) and in the absence of allegations denoting that the officers had no reasonable grounds for believing petitioner had committed a crime, we deem the petition insufficient to raise a question of the constitutionality of the arrest.

Although arrested in June, 1960, petitioner was not tried until May, 1961, and the petition alleges that such delay was not attributable to petitioner and therefore denied him his constitutional right to a speedy trial, as well as his right to discharge under the statute requiring trial within four months of commitment. (Ill. Rev. Stat. 1959, chap. 38, par. 748.) The allegation of the violation of the statute does not in itself create or present a constitutional question, (*People* v. *Stuckey,* 34 Ill.2d 521,) nor, in our opinion, are the allegations of the petition sufficient to show such arbitrary and unreasonable delay in trial as would offend the constitution. The transcript of the trial record, introduced as an exhibit in support of the motion to dismiss the post-conviction petition, reflects, contrary to the allegations of the petition, that other portions of the delay were by agreement or as a result of petitioner's own motions for continuance.

Claim is also made that petitioner was denied due process of law by the prosecution's knowing use of the perjured testimony of a police officer named Burns. Once again, however, the allegations in respect to this claim fall short of establishing the substantial denial of a constitutional right. It is their gist that Burns "perjured" himself because there were purported inherent improbabilities in his testimony, and because he was contradicted by petitioner's testimony. Such matters concerning the weight and credibility of the evidence go to the issue of guilt or innocence, and do not present a constitutional question. *Cf. People* v. *Ashley,* 34 Ill.2d 402.

Background facts essential to some of the claims now made disclose that petitioner and six other men were indicted and tried for the murder of a woman who died as the result of a blow struck pursuant to a purpose of accomplishing forcible rape. Petitioner did not strike the blow, and at his trial he denied having intercourse with the woman, but his conviction was upheld partly on the ground that the jury could reasonably have found more than mere presence and negative acquiescence on the part of petitioner, and partly on the ground that a written statement given to the police, wherein petitioner admitted he would have had intercourse with the victim had he had the chance, demonstrated that he shared the common design and felonious intent of the group. (*People* v. *Doherty,* 28 Ill.2d 528, 531.) In the hearing on the motion to dismiss the instant post-conviction petition it was brought out that no trial objection was made to the introduction of the statement, or confession, into evidence, and we note from our own records that the issue of its voluntariness was not raised when we reviewed the conviction on writ of error.

Extensive allegations in the petition represent there was a denial of constitutional rights because petitioner was not taken before a magistrate until 34 hours after his arrest, because he was not permitted to communicate with his family for a similar period, because he was moved about to several police stations, and because he was purportedly mistreated by the police. None of these allegations in and of themselves are sufficient to establish the denial of a constitutional right. They do, however, gain stature when considered in conjunction with further allegations that petitioner's statement was coerced, and that its admission into evidence was a denial of due process of law. Undoubtedly, the sum total of all these allegations was to plead the substantial denial of a constitutional right. At the same time, we are in accord with the trial court that a hearing was not required in this particular case.

It has been consistently held that where there has been a review by writ of error, including the presentation of a bill of exceptions, any claim which might then have been raised, but was not, is considered waived. (*E.g. People* v. *Dolgin,* 6 Ill.2d 109, 111; *Ciucci* v. *People,* 21 Ill.2d 81, 85.) As we said in *People* v. *Ashley,* 34 Ill.2d 402, 408: "Only where the application of the waiver principle would be inconsistent with concepts of fundamental fairness has this salutary rule been relaxed by this court. (*People* v. *Hamby,* 32 Ill.2d 291.)" We see no violation of fundamental fairness in applying the waiver principle here. The petitioner not only failed to object to the statement, or confession, on writ of error, but likewise made no objection to its introduction into evidence at his trial. (See: *People* v. *French,* 33 Ill.2d 146; *People* v. *DuLong,* 33 Ill.2d 140.) In the absence of contentions to the contrary it is to be assumed that he was represented by competent counsel in each instance, and that the admissibility of the confession would have been contested if grounds in fact existed. Moreover, it was brought out at the hearing on the post-conviction motion that petitioner's statement was given to the police within three hours of his arrest, thus detracting greatly from the claims of coercion now made.

In apparent reliance on *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, and *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694 petitioner also alleges that his constitutional rights were infringed upon because the authorities refused to allow him to confer with counsel after his arrest, and because he was not advised of his right to remain silent prior to the giving of his written statement. Even if it be assumed these allegations are true, they do not constitute a denial of a constitutional right under the circumstance that petitioner was tried before *Escobedo* and *Miranda* were decided. Speaking in *Johnson* v. *New Jersey,* 384 U.S. 436, 16 L. Ed. 2d 882, 34 Law Week 4592, the United States Supreme Court has held that the principles

292

of *Escobedo* and *Miranda* do not have retroactive application.

The order of the circuit court of Cook County dismissing the post-conviction petition was correct, and is accordingly affirmed.

*Order affirmed.*

Mr. Justice WARD took no part in the consideration or decision of this case.