(No. 41146.— ▮▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MARVIN GENDRON, Appellant.

*Opinion filed January 29, 1969.*

JAMES E. FUSSELL, of Peoria, appointed by the court,
for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and ROBERT E. MANNING, JR., State's Attorney, of Peoria,
(FRED G. LEACH, Assistant Attorney General, and JAY H.
JANSSEN, Assistant State's Attorney, of counsel,) for the
People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the
court:

Marvin Gendron appeals from an order of the circuit
court of Peoria County dismissing his petition under the
Post-Conviction Hearing Act. (Ill. Rev. Stat. 1967, ch.
38, par. 122—1 *et seq.*) His *pro se* petition charged that
his constitutional rights had been violated at his 1966 bur-
glary trial wherein he was found guilty and sentenced to
not less than 5 nor more than 7 years in the penitentiary. It
alleged that a certain named co-defendant and State's wit-
ness had testified falsely against him upon threat of prose-
cution by the State. It also alleged that certain named wit-

nesses who could have exonerated him did not appear at trial. The State moved to dismiss on the grounds that the petition did not raise any substantial constitutional questions and that its allegations were not supported by accompanying "affidavits, records, or other evidence." At a hearing on this motion, petitioner being represented by appointed counsel, the trial court dismissed the petition.

It is apparent that the allegations concerning the failure of certain witnesses to appear at trial do not present questions of constitutional dimension and, on appeal, petitioner argues only the sufficiency of the charge relating to the State's knowing use of perjured testimony. This charge, when properly pleaded, does, of course, raise a constitutional question within the purview of the Post-Conviction Hearing Act. (*People* v. *Jennings,* 411 Ill. 21; *People* v. *Wilson,* 39 Ill.2d 275.) Petitions filed pursuant to the Act, however, must make a substantial showing of a violation of constitutional rights, and allegations which merely amount to conclusions are not sufficient to require a post-conviction hearing. (*People* v. *Evans,* 37 Ill.2d 27; *People* v. *Ashley,* 34 Ill.2d 402; *People* v. *Reeves,* 412 Ill. 555.) More specifically, with regard to the allegation of perjury, in *Ashley* we said that a petitioner should, in his petition or in accompanying affidavits, "identify with reasonable certainty the source from which the alleged evidence of perjury would be forthcoming, that it was available, and of what it would consist, * * *." 34 Ill.2d 402, 411.

When these standards are applied to the instant petition, it is evident that the petition is not sufficient to require an answer by the State and a hearing on the issues then created by those pleadings. The petition, read in the manner most favorable to petitioner, asserts that the State compelled a witness to testify falsely against him. No factual basis is advanced for this assertion and no explanation is given for the lack of supporting documents required by section 122— 2 of the Act. Moreover, the fact that the petition was

drafted without legal assistance did not prejudice petitioner, "because the State's motion to dismiss gave petitioner and his counsel adequate notice of the insufficiency of the petition, and no request was made for additional time to amend under section 122—5 of the Act." (*People* v. *Knight,* 38 Ill.2d 373, 375; cf. *People* v. *Washington,* 38 Ill.2d 446, 449.) Nor can the failure of petitioner's counsel to request leave to amend the petition to make its allegations factually sufficient be deemed incompetent representation in "the absence of any showing that specific, identifiable evidence exists * * * [and is] available." *People* v. *Ashley,* 34 Ill.2d at 412.

Accordingly, we hold that the dismissal of the petition was proper; therefore, the judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*