(No. 42091.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* HERBERT MARTIN, Appellant.

*Opinion filed November 17, 1970.*

WARD, J., took no part.

JASON E. BELLOWS, of Chicago, appointed by the court, for the appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago,

(JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE, and NICHOLAS A. DE JOHN (Senior Law Student), Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

After a jury trial in the circuit court of Cook County which concluded on February 18, 1965, defendant, Herbert Martin, was convicted of the unlawful sale of narcotic drugs and was sentenced to the penitentiary for a term of not less than 15 nor more than 30 years. An appeal was unsuccessful, (*People* v. *Martin*, 74 Ill. App. 2d 431,) and he subsequently filed a petition for relief under the Post-Conviction Hearing Act, (Ill. Rev. Stat. 1967, ch. 38, pars. 122—1 *et seq.*,) on the ground that the knowing use of perjured testimony to secure his conviction had denied him due process of law. This is an appeal from an order which denied the petition without an evidentiary hearing.

The post-conviction petition alleged in substance that the chief witness against defendant had been one Robert Buonauro, a narcotics addict, who testified that he was a police informer, that he had been so engaged for seven years, and that he had never been paid or given money for his services. Still another witness had been Thomas Simpson, one of the arresting officers, and it was alleged that he had confirmed that Buonauro was an informer, and had further testified that the latter was paid nothing, but was expected to "turn in" people without compensation. Continuing, it was alleged that defendant had learned subsequent to the trial of his case that police officer Theodore Nadile, a partner of Officer Simpson, had testified in another narcotics trial on February 10, 1965, (five days before defendant's trial,) that he had worked with Buonauro in about five cases, that he was aware that the informer had worked with other officers in approximately fifty cases, that

Buonauro was an "active" informer, and that he was occasionally paid from a contingency fund if an arrest was effected and if there was money in the fund. Continuing, the petition alleged that the true facts concerning the informer were deliberately concealed by the police from the court and jury which tried defendant, that perjured testimony had been used to convict, and that a new trial should be granted. An answer of the State denied the latter allegations and asked that the petition be dismissed.

When the matter came up for hearing, the court permitted defendant to file the official transcripts of the proceedings in which the testimony set forth in the petition had been given, but refused to proceed to an evidentiary hearing and determination as to whether Simpson or Nadile had spoken the truth about the status of the informer and dismissed the petition. In so doing, the court indicated by its comments a belief that the issue of whether or not Buonauro was a paid informer was of little consequence and a finding that the petition failed to make a substantial showing of a violation of defendant's constitutional rights. We must disagree with the court on both counts.

It is established beyond doubt that the prosecution's use or reliance on testimony known to be false is a practice so lacking in fundamental fairness as to deprive an accused of due process of law. (*Napue* v. *Illinois* (1959), 360 U.S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173; *Pyle* v. *Kansas* (1942), 317 U.S. 213, 87 L. Ed. 214, 63 S. Ct. 177; *Imbler* v *Craven* (1969), 298 F. Supp. 795; *Curran* v. *Delaware* (3d cir. 1958), 259 F.2d 707; see also *Mesarosh* v. *United States* (1956), 352 U.S. 1, 1 L. Ed. 2d 1, 77 S. Ct. 1; *Mooney* v. *Holohan* (1935), 294 U.S. 103, 79 L. Ed. 791, 55 S. Ct. 340.) And where, as here, the falsity lies in the testimony of a law enforcement officer giving evidence favorable to the prosecution, the *Imbler* and *Curran* decisions establish that it matters not that the prosecuting attorney himself does not have knowledge of the falsity,

inasmuch as "the prosecution is charged with the knowledge of its agents including the police." (*Imbler,* 298 F. Supp. at 806.) Nor, as the trial court here apparently believed, does the false testimony have to relate to a material issue to fall into the field of fundamental unfairness. *Napue,* and the decisions of this court in *People* v. *McKinney,* 31 Ill.2d 246, and *People* v. *Lueck,* 24 Ill.2d 554, as well, demonstrate that due process is likewise denied where the falsity occurs in testimony going to the credibility of a witness.

Tested by these principles we believe it manifest that the allegations of the post-conviction petition were sufficient to make a substantial showing of the violation of a constitutional right, and to require an evidentiary hearing to determine if the violation did in fact occur. These conclusions, it may be added, are fortified by the transcript of defendant's original trial which was filed in support of the petition. It there appears that the informer testified to a controlled purchase of drugs from defendant under circumstances wherein the informer was the only eyewitness to the actual sale. And of even greater significance, it discloses that officers Simpson and Nadile were both working with the informer when defendant's arrest was effected. Yet, the petition and supporting transcripts establish that Nadile testified in a criminal proceeding to a long-standing arrangement with the informer whereby the latter was paid for his services if an arrest was made and if funds were available, whereas his partner, Simpson, testified categorically in defendant's trial five days later that the informer had never been paid but gave his services gratuitously.

To put it bluntly one of the officers must have testified falsely, and if it was Simpson there was a denial of due process which would entitle defendant to a new trial. Fundamental fairness requires that a jury be fully and truthfully informed as to all matters within the knowledge of the prosecution or its agents going to the credibility of a witness and his motives for testifying. (*People* v. *McKinney,* 31 Ill.2d

246.) Assuredly, we believe, a jury would attach more weight to the testimony of an informer acting without thought or hope of reward, than to the testimony of an informer motivated by monetary compensation, particularly where the compensation is forthcoming only if the services of the informer result in an arrest.

For the reasons stated the order dismissing the post-conviction petition is reversed, and the cause is remanded with directions that an evidentiary hearing be conducted consistent with the views expressed in this opinion.

*Reversed and remanded, with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.