THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LACARTTLE JONES, Defendant-Appellant.

(No. 73-95;

Fifth District—December 18, 1974.

Robert Farrell, of Mt. Vernon, and Lynn Sara Frackman, of Chicago, both of State Appellate Defender's Office, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from a denial of post-conviction relief after an evidentiary hearing in the Circuit Court of St. Clair County. In 1967 petitioner was convicted of murder and armed robbery and he was sentenced to the penitentiary for terms of 99 to 100 years and 50 to 75 years respectively, said sentences to run concurrently. On direct appeal this court affirmed his convictions in *People v. Jones*, 125 Ill.App.2d 168. Petitioner contends here that he was denied his constitutional right to be effectively present at his trial because medication he was then taking for relief of pain caused him to doze off intermittently during the proceedings. In addition, he attributes error to the judge in his post-conviction proceeding for failure to recuse himself in that he may have been a material witness on the issue presented by the petition.

The allegation in the petition giving rise to the present issue states:
> "That as a result of bullet wounds suffered at the time of his arrest and subsequent medical treatment, the petitioner was administered drugs to alleviate his pain and was suffering the affects [*sic*] of

these drugs throughout the time of trial so that he was unable fully to understand the proceedings against him."

This allegation was not contained in petitioner's original pro se petition but was added later in an amended petition filed after appointment of counsel.

Petitioner was the only witness at the hearing. He stated that he was arrested on July 30, 1966, and that he was hospitalized for 1 week for treatment of gun shot wounds in his chest and side. Thereafter, until his trial approximately 8 months later on March 27, 1967, he took two pills a day for relief of pain. Though he did not know what they were, he believed they were depressants because they made him sleepy. The pills were supplied by the nurse at the jail on defendant's request. At his trial he was still taking the pills and, he said, he would find himself dropping off into a semi-conscious sleep unable to hear or remember what the witnesses had said. He did not know whether these periods would last a minute or a half an hour. Specifically, he remembered that he had dozed off during the testimony of the coroner and the ballistics expert. He considered himself able to discuss matters with his attorney and stated that he did not fall asleep during his own testimony and was able to give his version of the events surrounding the shooting. On cross-examination he admitted that he did not at any time during the 5-day trial complain to either the judge or his attorney that he was not hearing all of the evidence because, he said, he believed his attorney had sufficient legal expertise to defend him.

Petitioner here contends that his alleged intermittent dozing during the course of his trial caused him to miss portions of the testimony and made it impossible for him to discuss this evidence with his attorney and that, therefore, he was denied his constitutional right to be personally present at all times during his trial. About the best we can say of this argument is that it is a novel one. Actually, we believe it is misstated. It is not his presence, physically or mentally, that is in question. Rather it is whether, while under the alleged medication, defendant was competent, *i.e.*, whether he could hear, understand and cooperate with his counsel in his defense as constitutionally required.

■■ It is well established that in a post-conviction proceeding the burden is on the defendant to set forth clearly in what respects his constitutional rights were violated and he must support those allegations with affidavits, records or other evidence which establish a violation of those rights, and mere allegations of conclusions to that effect are not sufficient even to require an evidentiary hearing. (*People v. Farnsley*, 53 Ill.2d 537; *People v. Ashley*, 34 Ill.2d 402.) In *People v. Andrus*, 41 Ill.2d 543, the defendant claimed that at the time he pleaded guilty he had been deprived of a

certain relaxant drug which he had taken for years to alleviate a mental condition, and that the headaches resulting from such deprivation made it impossible for him to understand the proceedings. The court found that the only issue raised by such allegations in a post-conviction proceeding is whether any facts were established which, if presented to the trial court at the time of his plea, would have raised a bona fide doubt as to his sanity, which in turn would have required a hearing as to his competency. It was concluded that such self-serving and unsupported statements, even if they had been brought to the attention of the trial court, would not have been sufficient to create a bona fide doubt as to competency and the petition was properly dismissed. In *People v. Pridgen,* 37 Ill.2d 295, the same result was reached in a case involving a claim that defendant was suffering from amnesia at the time of trial and was unable to cooperate with counsel. In *People v. Brown,* 41 Ill.2d 230, it was held that a defendant was not entitled to an evidentiary hearing on his post-conviction petition based merely on allegations that he was under the influence of drugs, or intoxicated at the time he waived his rights and entered his plea of guilty, where there was nothing in the record to suggest that the court was placed on notice that defendant was under any disability, and the defendant did not suggest that any facts were brought to the attention of the court which would have required a competency hearing. See also *People v. Rendleman,* 11 Ill.App.3d 214 (involving a claim that defendant's capacity to assist counsel was impaired prior to trial because of medicines and drugs prescribed and administered to him by a physician); *People v. Durham,* 10 Ill.App.3d 911 (involving claim of drugged condition due to pills taken for hemorrhoid problem); *People v. Lego,* 32 Ill.2d 76 (involving claim of blackout spells).

■■ After reviewing the trial court record, and applying the reasoning in the above cases, we find petitioner's claim of a denial of his constitutional rights is without merit. In effect, it is a self-serving claim of mental impairment, self-imposed, conclusionary, and without any support in the record or by any other evidence. By defendant's own admission he did not call his alleged condition to the attention of the court or his counsel. Nor does the trial record contain any indication at any time during the 5 days that it continued that his condition was other than normal. He consulted with counsel and testified extensively in his own behalf, and, though he mentioned his pain at the time of the shooting, he made no reference to suffering from any pain at his trial. We conclude that the allegations contained in his petition were unsupported by any evidence, and even if they had been raised at his trial, they would have been insufficient to raise a bona fide doubt of his mental condition, his "mental presence," or his competence to understand and assist counsel in

his defense. Therefore, the dismissal of his petition was proper. With such a finding we consider it unnecessary to consider the veiled contention that sleepiness induced by medication constitutes a form of insanity within the meaning of the law.

■■ Next defendant contends the judge should have excused himself sua sponte from hearing the post-conviction proceeding because he also presided at defendant's trial and should have recognized, based on the allegations made, that he could be a material witness with knowledge outside the record of their truth or falsity. This precise question has been considered previously and held without merit in *People v. Peaslee*, 7 Ill. App.3d 312 (abstract opinion). There, as here, the defendant was fully aware of the fact that it was the same judge sitting but, nonetheless, he did not move for a substitution of judges as was his right, nor did he voice any objection or make any motion to seek the judge's disqualification, nor did he at any time during the post-conviction hearing request that the trial judge appear as a witness. Under such circumstances, and after considering some of the cases cited by petitioner here, the court held that the point was waived and could not be presented for the first time on appeal. We agree. In addition, regardless of the position of the judge and whatever knowledge he may have had from the original trial, and however that knowledge may have affected his decision to dismiss the petition, it is abundantly clear that petitioner's unsupported, self-serving allegations were insufficient to warrant granting his petition.

The judgment of the Circuit Court of St. Clair County if affirmed.

Affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.