THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT LeCOMPTE, Defendant-Appellant.

Fifth District   No. 75-21

Opinion filed May 5, 1976.

Stephen P. Hurley and Ann Blandford, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This appeal is taken from the dismissal by the circuit court of St. Clair County of petitioner's *pro se* petition for post-conviction relief filed pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*). Petitioner had previously been found guilty by a jury of murder and armed robbery. The court originally imposed a sentence of 198 to 199 years' imprisonment, which was later reduced on direct appeal to this court, to 20 to 60 years. *(People v. LeCompte,* 5 Ill. App. 3d 616, 283 N.E.2d 705.) Petitioner presents two questions for review: (1) whether he was denied adequate representation by counsel as contemplated by the Post-Conviction Hearing Act; (2) whether the trial court erred in dismissing his *pro se* petition for post-conviction relief without a hearing on his allegation of perjury.

■■ Petitioner's first contention is that he was denied adequate assistance of counsel because the record fails to show compliance with Supreme Court Rule 651(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 651(c)).

Supreme Court Rule 651(c) provides in part that:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contention of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed pro se that are necessary for an adequate presentation of petitioner's contentions."

This Rule has been interpreted to allow the filing of a certificate of compliance during the pendency of the appeal as an amendment to the

record. (*People v. Harris*, 50 Ill. 2d 31, 276 N.E.2d 327; *People v. Enyart*, 18 Ill. App. 3d 504, 310 N.E.2d 49.) Such an affidavit by the attorney who was appointed as counsel in the post-conviction proceeding was filed by the State in the instant appeal. In the affidavit petitioner's counsel avers that he had consulted with petitioner by mail in order to ascertain whether any constitutional rights had been violated and that he reviewed the *pro se* petition and determined that it adequately presented petitioner's contentions. In addition, the affidavit shows that the attorney wrote to petitioner indicating that, in his opinion, every possible defense petitioner had was raised in the petition; he talked to petitioner's witness to the alleged subornation of perjury; and he advised petitioner of the State's motion to dismiss. The record also shows counsel's presence at the argument on the motion to dismiss and a letter he sent to petitioner informing him of the dismissal.

■■ While counsel in the affidavit only asserts that as a matter of strict procedure he *would* have reviewed the trial court records and does not state that he in fact *did* review the records, he also states, as already noted, that he determined that every possible defense petitioner had was raised in the petition. It would have been impossible for petitioner's counsel to have made this determination without having examined the report of proceedings at the trial. *People v. Abernathy*, 18 Ill. App. 3d 733, 310 N.E.2d 401.

Consequently, we find that there was compliance with Supreme Court Rule 651(c).

Petitioner also contends that the circuit court erred in dismissing the post-conviction petition without a hearing on the merits of his allegation that the State knowingly used perjured testimony at his trial.

The relevant portion of the petition stated:

> "Petitioner's father was called as a witness, by the State, and in the witness room he saw and heard officers instructing witnesses as to what they must testify to. Some of the witnesses said clothes worn by petitioner were of different colors and the director of the show argued with them and told them that they were mistaken, that they were of other color and that they must testify to that color at the trial."

Petitioner's allegations were supported by the affidavit of his father, Olin LeCompte, which related in pertinent part:

> "That I was called as a witness, by the State's Attorney of St. Clair County, to testify at the trial of my son, Robert LeCompte.
> That I was present among the State's witnesses when they were told what to answer to questions by the State's Attorney.
> That more than one witness had to be persuaded that they were wrong about facts relevant to physical evidence and were coerced

into accepting officers' words and agreeing to testify accordingly. That when the State's Attorney discovered who I was, after I had been present since early morning, that the State's Attorney requested I be separated from the rest of the witnesses."

■■ An allegation in a petition that a conviction resulted from the State's knowing use of perjured testimony does, when properly pleaded, raise a constitutional question within the purview of the Post-Conviction Hearing Act. *(People v. Macias, 39 Ill. 2d 208, 234 N.E.2d 783.)* Even if the State's Attorney himself did not have knowledge of the perjury committed at a trial, the State is charged with knowledge of its agents, including the police. *(People v. Martin, 46 Ill. 2d 565, 264 N.E.2d 147.)* However, it is well established that in a post-conviction proceeding the burden is on the petitioner to set forth clearly in what respects his constitutional rights were violated and he must support those allegations with affidavits, records, or other evidence which establish a violation of those rights unless their absence is sufficiently explained. (Ill. Rev. Stat., ch. 38, par. 122—2; *People v. Gendron, 41 Ill. 2d 518, 244 N.E.2d 149; People v. Evans, 37 Ill. 2d 27, 224 N.E.2d 778; People v. Jones, 24 Ill. App. 3d 1052, 322 N.E.2d 579.)* Mere conclusory allegations that constitutional rights were violated are not sufficient even to require an evidentiary hearing. *(People v. Arbuckle, 42 Ill. 2d 177, 246 N.E.2d 240.)* The petition or the accompanying affidavit must identify with reasonable certainty the sources, character and availability of the alleged evidence supporting the petitioner's allegations. *People v. Ashley, 34 Ill. 2d 402, 216 N.E.2d 126; People v. Curtis, 48 Ill. 2d 25, 268 N.E.2d 29.*

■■ In considering these standards, we first note that petitioner himself was not present at the time police officers were allegedly "instructing witnesses as to what they must testify to." Thus, petitioner's allegation must be supported by the affidavit, the trial court records or other proof.

■■ The affidavit of petitioner's father fails to particularize any facts regarding the time, place, testimony or persons involved. Though the trial lasted approximately three days, the affidavit does not specify the date, time or place of the asserted subornation of perjury by police officers. It stated nothing about the type of testimony allegedly coerced or discussed. It fails to describe whether the "facts relevant to physical evidence" dealt with bullets, the proceeds of the robbery, petitioner's clothing, or the guns found in petitioner's possession. It does not identify which witnesses were involved or whether in fact any witnesses perjured themselves on the stand. Furthermore, in our review of the transcript of the trial we fail to find any corroborating facts since the descriptions given by prosecution witnesses of the armed robber's clothing differed in detail. Although all the witnesses who described the armed robber remembered

that he wore a hat and sunglasses and had a gun, they gave varying descriptions of the color of his vest or sweater, pants and shirt. Moreoever, the petitioner fails to allege that petitioner and his counsel were not advised of the alleged subornation of perjury during the trial or during the 30-day period within which a post-trial motion for a new trial could have been filed.

For all the foregoing reasons, we believe that the circuit court did not err in granting the State's motion to dismiss. The order of the circuit court of St. Clair County is affirmed.

Affirmed.

G. J. MORAN and JONES, JJ., concur.