THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.*
KENNETH GRAHAM, Petitioner-Appellant.

Fifth District   No. 75-204

Opinion filed May 6, 1977.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, and Denise Banjavic, research assistant, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal by petitioner, Kenneth Graham, from an order of the circuit court of St. Clair County dismissing his petition for post-conviction relief without an evidentiary hearing.

Graham was found guilty of the offense of theft (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)) following a jury trial in the circuit court of St. Clair County. The court thereafter sentenced him to the Illinois Department of Corrections for a period of not less than three nor more than nine years. On direct appeal, this court affirmed his conviction. *People v. Graham* (1975), 27 Ill. App. 3d 408, 327 N.E.2d 261.

During the pendency of his direct appeal, petitioner Graham began a collateral attack upon his conviction by filing *pro se* a petition for a writ of habeas corpus. The trial court subsequently appointed counsel to represent him, and Graham abandoned his writ and filed a petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*). The State made a motion to dismiss the petition for the reason that it failed to state a cause of action under the Act. The trial court entered an order on February 19, 1975, denying the petition without an evidentiary hearing, and the petitioner brought this appeal.

Petitioner Graham concedes that all of the allegations other than those in paragraph four of his petition were either waived because of his failure

to raise them on direct appeal or adversely decided by our opinion in that appeal.

Paragraph four of the petition reads as follows:

"4. That in violation of due process various law enforcement and governmental officials placed undue pressure on the defendant to remain silent concerning sensitive matters and he would be "taken care of" resulting in the defendant not calling certain witnesses vital to his defense; that further the witness, Raymond Preston, perjured himself under pressure of various governmental officials and police personnel as part of a conspiracy to silence the defendant."

An affidavit was attached to the petition to support the allegations made therein; that was the affidavit of petitioner Graham. It stated in relevant part:

"* * * I further state that prior to and at the time of trial I was advised by a police officer of the Southwestern Illinois Crime Commission to keep my mouth shut and everything would be fine. It was on this promise that I was denied the right to subpoena 16 different persons, most of them police officers who were aware that at the time I made the initial contact with Raymond Preston, the State's chief and only witness against me at the trial I was working for and doing undercover work for the Southwestern Illinois Crime Commission on an arson investigation; further I state that Raymond Herr has knowledge of this matter as well as a man named Jerry who was working for Mr. Herr, a boss named William Beauld, and Clifton Raney who also knew the type of work I was doing at the time I contacted Raymond Preston; this arson investigation concerned Clark's Tavern at 23 and Lincoln Streets in East St. Louis, Illinois; * * *."

Petitioner Graham contends that paragraph four of his petition raised constitutional issues which required an evidentiary hearing. We agree.

■■■ The Post-Conviction Hearing Act is intended to provide State prisoners with an effective post-trial procedure through which courts can determine whether or not substantial constitutional rights have been violated. (*People v. Crislip*, 20 Ill. App. 3d 175, 312 N.E.2d 830.) It is our opinion that both claims made in paragraph four are cognizable under the Post-Conviction Hearing Act. It is well settled that a charge that the State obtained a conviction by knowing use of perjured testimony is a constitutional question within the purview of the Act. (*People v. Gendron*, 41 Ill. 2d 518, 244 N.E.2d 149; *People v. LeCompte*, 38 Ill. App. 3d 513, 347 N.E.2d 797.) We believe that petitioner's claim that he was induced by law enforcement officers to refrain from putting on witnesses,

whose testimony might have impeached the credibility of State's witness Preston, by means of promises that if he did so refrain they would "take care of" him is also cognizable under the Act. The right of a defendant to offer the testimony of witnesses, in plain terms the right to present a defense, is a fundamental element of due process of law. (*Washington v. Texas*, 388 U.S. 14, 18 L. Ed. 2d 1019, 87 S. Ct. 1920; *Webb v. Texas*, 409 U.S. 95, 34 L. Ed. 2d 330, 93 S. Ct. 351.) It has been held that a defendant in a criminal prosecution has a privilege to call any witness he desires (*People v. Cokes*, 106 Ill. App. 2d 139, 245 N.E.2d 507) and that the right to summon witnesses is fundamental to our legal system (*People v. Watson*, 36 Ill. 2d 228, 221 N.E.2d 645. See also Ill. Const. 1970, art. 1, § 8). Although the denial of this constitutional right would be more easily recognizable if it were achieved by the State's Attorney or the court, we believe that the right may also be violated by the actions of law enforcement officials.

The question remaining is whether petitioner Graham's pleadings were sufficient to require a hearing.

■■ ■ The function of the pleadings under the Post-Conviction Hearing Act is to determine whether petitioner is entitled to an evidentiary hearing. (*People v. Airmers*, 34 Ill. 2d 222, 215 N.E.2d 225; *People v. Derengowski*, 44 Ill. 2d 476, 256 N.E.2d 455.) Generally, where, as here, the claims are based on evidence outside the record, an evidentiary hearing should be had (*People v. Crislip*) since such claims are not intended by the Act to be adjudicated on the pleadings (*People v. Airmers*). However, in order to require a hearing, the post-conviction petition must make a substantial showing that petitioner's constitutional rights have been violated. (*People v. Patterson*, 35 Ill. App. 3d 1, 340 N.E.2d 546.) The burden is on the petitioner to set forth the violations and support the allegations by affidavits, records, or other evidence containing specific facts. (*People v. Jones*, 36 Ill. App. 3d 315, 343 N.E.2d 525.) Mere conclusory allegations that constitutional rights have been violated are insufficient to entitle petitioner to an evidentiary hearing. (*People v. Edwards*, 49 Ill. 2d 522, 276 N.E.2d 308.) The petition or accompanying affidavits must identify with reasonable certainty the sources, character and availability of the alleged evidence supporting the petitioner's allegations. *People v. Ashley*, 34 Ill. 2d 402, 216 N.E.2d 126; *People v. Curtis*, 48 Ill. 2d 25, 268 N.E.2d 29.

The State argues that the trial court properly dismissed the petition because it consisted only of conclusionary allegations and failed to adequately indicate the availability or character of evidence supporting the allegations.

■■ After consideration of petitioner Graham's claims and affidavit in light of the applicable principles, we conclude that we must reverse the trial court and remand this cause for an evidentiary hearing. The

allegation, as supported by the above quoted portion of the affidavit, concerning the law enforcement officer's actions in inducing petitioner to limit his defense by not calling all relevant witnesses is specific in nature. We believe that the pleadings sufficiently indicate the source, character and availability of evidence supporting the allegations so as to require that an evidentiary hearing be conducted. Petitioner Graham's affidavit specifically identifies four persons who have information to support his allegation that he was acting as an undercover investigator when he met State's witness Raymond Preston and that he was directed by an officer in the law enforcement group not to call witnesses who could reveal his involvement in those matters. Petitioner made several comments at his trial which at the time appeared incomprehensible but when considered in light of this allegation, do indicate that he was purposely avoiding the production of evidence which might have impeached the credibility of the State's witness.

■■ Petitioner's claim in paragraph four of the petition that witness Raymond Preston "perjured himself under pressure of the various governmental officials and police personnel" is conclusory and unsupported by any assertion of specific facts available to establish the veracity of the claim. If this were the only allegation in the post-conviction petition, we would have affirmed the trial court's dismissal without a hearing. However, considering the fact that this cause must be remanded for an evidentiary hearing because petitioner's other claim warrants a hearing, we believe petitioner should be afforded an opportunity to prove the perjury claim also. If such a constitutional abuse did in fact occur, it would serve the ends of promoting respect for our judicial system to permit the petitioner to prove that claim.

We think it proper to observe that much economy of time and effort could be had if petitions such as the one in question were accorded more consideration at the time of filing. Where it is reasonably apparent that the petitioner is entitled to a hearing on his post-conviction petition such hearing should be held without the requirement of an appeal of the denial of a hearing. The many cases on the subject have furnished sufficient guidelines to all concerned to make a determination of the worth of such petitions. When it reasonably appears that a hearing should be held, but it is denied, the result is a waste of valuable time on the part of the attorneys who will bring and follow the appeal and a waste of judicial time, both in the trial court and courts of appeal. Our legislature has created the remedy and courts should give it its due. When petitions are filed which come within its scope, the petitioner should be given a hearing without the necessity of taking an appeal on the question of his right to a hearing.

Reversed and remanded.

G. MORAN and KARNS, JJ., concur.