(No. 39775.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
CARL HAMBY, Appellant.

*Opinion filed March 28, 1968.*

WARD, J., took no part.

PETER R. KOLKER, of Chicago, appointed by the court,
for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and ELMER C. KIS-
SANE and JOEL M. FLAUM, Assistant State's Attorneys, of
counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

In June of 1956 the defendant, Carl Hamby, was found guilty of armed robbery and sentenced to imprisonment for not less than 25 years nor more than life. That judgment was affirmed on writ of error in *People* v. *Hamby*, 27 Ill.2d 493. While the case was pending in this court on writ of error, the defendant filed a post-conviction petition. After the judgment was affirmed, the People amended their motion to dismiss the post-conviction petition by adding as a ground of dismissal an assertion that the contentions advanced were *res judicata* by reason of the judgment of this court. The motion to dismiss was allowed.

In *People* v. *Hamby*, 32 Ill.2d 291, the judgment dismissing the post-conviction petition was reversed and the cause remanded. Our opinion cited *People* v. *Sprinkle*, 27 Ill.2d 398, and *People* v. *Davies*, 354 Ill. 168, and pointed out that "where fundamental fairness so requires," the court has not hesitated to relax the doctrine that those claims are waived which might have been, but were not, raised upon an earlier review. Waiver was not applicable, we held, because certain contentions that the defendant had sought to raise on his writ of error had not been advanced by his appointed attorney and had not been considered by the court.

After the cause was remanded, arguments were again heard upon the People's motion to dismiss on the ground that, apart from considerations of *res judicata,* the amended post-conviction petition did not allege facts that would justify the granting of legal relief. After argument the petition was again dismissed, and the defendant has again appealed.

The defendant's primary contention in this court is that an adequate review of his claims required that he be present in court to aid his appointed attorney in the argument upon the legal sufficiency of his post-conviction petition. But it has been generally recognized that hazards, as well as expense, are involved in transporting prisoners to court-

rooms for hearings in collateral proceedings, and these considerations have precluded acceptance of the defendant's contention. The Illinois Post-Conviction Hearing Act, for example, provides that the judge hearing the post-conviction proceeding may, in his discretion, order the defendant brought before the court. (Ill. Rev. Stat. 1967, chap. 38, par. 122—6; see, *People* v. *Ashley,* 34 Ill.2d 402, 412; *People* v. *Jennings,* 11 Ill.2d 610, 614.) It is only when factual issues are to be determined that the presence of the defendant at the hearing may be necessary. (Second Revised Uniform Post-Conviction Procedure Act, sec. 7; American Bar Association, Tentative Draft of Standards Relating to Post-Conviction Remedies (Standard 4.6).) The Supreme Court of the United States has pointed out that an evidentiary hearing is required only in those situations in which an "applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief." *Townsend* v. *Sain,* (1963), 372 U.S. 293, 312, 9 L. Ed. 2d 770, 785, 83 S. Ct. 745; see also, *Sanders* v. *United States* (1963), 373 U.S. 1, 20, 10 L. Ed. 2d 148, 164, 83 S. Ct. 1068.

Whether the defendant's amended petition could properly be disposed of without an evidentiary hearing, is to be determined by an analysis of its allegations. In addition to the contentions disposed of by our former opinion in 27 Ill.2d 493, the amended petition alleged that the defendant was photographed twice while in police custody, once shortly after he was arrested, and again after he had confessed. He alleges that at the hearing on the motion to suppress his confession the first photograph was fraudulently offered and received in evidence as depicting his condition after he had confessed. But the photographer who took the pictures testified at the hearing on the motion to suppress, and was available for cross-examination, so that the alleged fraud could then have been exposed.

The amended petition also alleged that upon his motion to suppress certain articles on the ground that they had been

illegally seized, the defendant testified that certain pistols were taken by the police from his car at the time of his arrest, and that the court denied his motions to suppress without hearing testimony from the prosecution upon the authority of a decision of this court which sustained the search of an automobile in conjunction with an arrest. At the trial a police officer testified that the pistols were found in the apartment of a co-defendant. The defendant's position is that by citing the decision involving the search of the car the prosecutor "in effect acknowledged the fact that the pistols were seized in the automobile" and not in the apartment. The argument is without merit.

The petition further alleged that the prosecution fraudulently offered in evidence a medical record which showed that a physician had diagnosed a wound on his arm as a gunshot wound, whereas he had received the injury while at work. He alleges that when the officers who took him to the hospital told the doctor he had been shot during a hold-up, he remained silent because of fear. And he alleges that the prosecution did not call the physician who made the diagnosis as a witness "thereby depriving petitioner of the privilege of showing by the doctor's testimony that the petitioner's medical record was a fraudulent record in that the doctor's diagnosis of the petitioner's injury was based on the word of a policeman, and not on physical findings." The contention can not be sustained. If the defendant had thought that the testimony of the doctor was significant he could have subpoenaed him to testify at the trial.

The amended petition alleged that the defendant was denied due process of law because he was physically unable to stand trial at the time the case was tried. It also alleged, however, that his attorney brought this condition to the attention of the trial judge, who nevertheless refused to grant a continuance or a mistrial. This contention has been waived; it was available but was not advanced on the defendant's writ of error, which was predicated on the ground

that he had been deprived of his constitutional right to a speedy trial.

Finally, the amended petition alleges that the transcript of the proceedings at his trial was "a false and spurious record." This contention was considered and rejected by the trial judge prior to the defendant's review on writ of error. The amended petition does not set out the respects in which the transcript is deficient, and no facts are alleged from which it may be deduced that the defendant was deprived of any right, constitutional or otherwise.

We hold therefore that upon analysis none of the defendant's allegations assert constitutional or other grounds upon which his conviction should be set aside.

While the primary thrust of the defendant's present argument in this court centers upon the assertion that he had a right to be present during the argument upon the motion to dismiss his amended post-conviction petition, the argument also suggests that he was not competently represented upon that argument. This suggestion is based upon the fact that when, during the course of the argument, the judge inquired of the assistant Public Defender, with respect to the matter of the photographs, "Do you have some information on that?", the reply was: "Yes, your Honor. I can only go by what the defendant puts in his petition. He states that he was arrested * * *." On the present appeal, the defendant interprets the judge's question as calling for additional facts beyond those alleged, and the reply as indicating that the knowledge of the assistant Public Defender was limited to the defendant's amended petition. From the question and answer read in isolation, this is a permissible interpretation. But it is not borne out by the record, which shows that at the hearing on the motion to dismiss there was a full appraisal of the defendant's contentions against the record of the proceedings at the trial. Of course, upon a motion to dismiss the court and counsel can "only go by" what is contained in the pleading

to which the motion is directed, read, in a case like this one, in conjunction with the transcript of proceedings at the trial. The record as a whole shows that the assistant Public Defender was familiar with the defendant's present contentions and with the record against which they were to be measured.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.