(No. 41587.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* BOBBY BRIGHT, Appellant.

*Opinion filed March 27, 1969.—Rehearing denied May 27, 1969.*

332

WARD, J., took no part.

KENNETH L. GILLIS, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and RICHARD TROIC, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Bobby Bright was convicted by a jury in the circuit court of Cook County of aggravated battery and attempt to commit murder. After his conviction was affirmed by the Appellate Court (78 Ill. App. 2d 2), he filed a *pro se* petition for relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 through 122—7.) The trial court dismissed the petition on the ground that the issues it sought to raise had been reviewed by the Appellate Court and were therefore *res judicata*. He now appeals from the order dismissing his post-conviction petition.

It is first argued that petitioner did not have adequate representation upon his post-conviction petition. The record shows that on July 10, 1967, the public defender of Cook County entered his appearance as counsel in the post-conviction proceeding. On July 24, petitioner filed a motion *pro se* for permission to represent himself and asked

that the public defender be dismissed. On August 1 the People filed their motion to dismiss the petition and on November 20, Mary Ann Glendon entered her appearance as attorney for petitioner. On March 8, 1968, Mary Ann Glendon filed a motion to withdraw her appearance and told the court that after a long and very unsatisfactory correspondence with petitioner she felt he preferred to have other counsel. The court granted her motion. Kent Talbot was then appointed by the court to represent petitioner.

On April 26, 1968, Talbot requested leave to withdraw as attorney. He stated that he had gone to the penitentiary and interviewed petitioner and that it is impossible to create an attorney-client relationship with this man. He said, "I have tried to explain to him what should be done with his petition, but he has decided I have deceived him."

An attorney must be appointed for an indigent petitioner who requests one. (*People* v. *Hayes,* 38 Ill.2d 329; *People* v. *Polansky,* 39 Ill.2d 84; *People* v. *Hunt,* 39 Ill.2d 107.) We have also held that a perfunctory, one-sentence defense of the original petition (*People* v. *Slaughter,* 39 Ill.2d 278,) or the failure to ask for leave to amend an insufficient petition, consult with the petitioner and examine the record of proceedings at his trial (*People* v. *Tyner,* 40 Ill.2d 1,) constitute inadequate representation.

Here, however, there was no request for counsel. On the contrary, petitioner in a hand-written motion asked the court to dismiss the public defender and for permission to represent himself. The court dismissed the public defender, but thereafter appointed two more attorneys to represent him. One corresponded with him and found him impossible to represent, the other interviewed him at the penitentiary and also found him impossible to represent. We think the record adequately supports the trial court's conclusion that petitioner would not have counsel.

It is next argued that petitioner should have been pres-

ent to be heard at the time his petition was dismissed. As we have mentioned, the petition was dismissed because the trial court felt the issues sought to be raised had already been reviewed and decided by the Appellate Court. If this be correct, no purpose would have been served by petitioner's presence.

Petitioner's present counsel argues, however, that the petition raised one constitutional issue that was not raised or passed upon by the Appellate Court and could not have been raised in that appeal. It is stated in the petition that "The court changed the charge in the indictment after the fourth (4th) juror was selected, and in front of the jury which would influence the jury and deny petitioner of the presumption of innocence * * *." In his affidavit he states: "The date in the indictments of the crime was November 1964 at which time I was in custody and the court refused to take notice." Petitioner's counsel argues that the indictments erroneously charged commission of the crimes on November 29, 1964, rather than November 29, 1962, that the trial court orally amended the indictments, that this deprived petitioner of his right to be indicted by a grand jury and that the petition and affidavit properly raised the issue.

In his appeal to the Appellate Court petitioner argued that the discrepancy in dates between indictment No. 64-3569 and the proof constituted a fatal variance. The Appellate Court rejected this contention, holding that "proof of the precise date as alleged is unnecessary unless the allegation of a special time is an essential ingredient" and that "[d]efendant was aware of the charges placed against him and was able to prepare a defense." (78 Ill. App. 2d 2, 9.) While phrased differently, we are of the opinion that the proposition now advanced is the same as that presented to the Appellate Court.

We hold that the petition was properly dismissed because the issues it sought to raise were *res judicata*. The

judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*

Mr. Justice WARD took no part in the consideration or decision of this case.