(No. 43133.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDWARD CHARLES CURTIS, Appellant.

*Opinion filed March 16, 1971.*

William H. Dailey, of Moline, appointed by the court, for appellant.

William J. Scott, Attorney General, of Springfield, and James N. De Wulf, State's Attorney, of Rock Island, (Fred G. Leach and Thomas J. Immel, Assistant Attorneys General, and Robert C. Shearer, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Ward delivered the opinion of the court:

On March 29, 1967, a jury in the circuit court of Rock Island County found the petitioner, Edward Charles Curtis, guilty of burglary and he was sentenced to 10 to 20 years

in the penitentiary. The judgment of conviction was affirmed by the appellate court. (*People* v. *Curtis,* 90 Ill. App. 2d 231.) The petitioner, acting *pro se,* filed a petition, later amended by him, under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*). Thereafter at the petitioner's request counsel was appointed to represent him. The amended petition was later dismissed, without an evidentiary hearing, by the circuit court. This appeal concerns the correctness of that dismissal.

He was entitled to an evidentiary hearing, the petitioner first contends, on the basis of the petition's allegations (1) that the prosecutor, violating the petitioner's constitutional rights, suppressed certain evidence possibly useful to the petitioner and (2) that the prosecutor deprived the petitioner of his constitutional right to a fair trial by improper argument to the jury. The evidence claimed to have been suppressed allegedly was a report of fingerprint tests performed on a sledge hammer found at the scene of the burglary and later introduced into evidence at the trial. The complained-of argument concerned an alleged statement by the prosecutor to the jury that it would not be possible for fingerprints to be preserved or retained on a sledge hammer. The petitioner claims that when the alleged statement was made the prosecutor was in possession of a report indicating that there was a fingerprint on the hammer.

On the question whether the petitioner was entitled under the Act to an evidentiary hearing on these allegations we would observe that: "Dismissal of nonmeritorious petitions on motion is certainly within the contemplation of the Act (see *People* v. *Cox,* 34 Ill.2d 66), and necessary to the orderly and expeditious disposition of these petitions." (*People* v. *Collins,* 39 Ill.2d 286, 288.) Before a hearing is required, a petitioner must make a "substantial showing of a violation of constitutional rights" and to accomplish this the allegations in the petition must be supported by the record in the case or by accompanying affidavits, unless their

absence is sufficiently explained. (*People* v. *Evans,* 37 Ill.2d 27, 30.) The petition or the affidavits must identify with reasonable certainty the source, character and availability of the alleged evidence supporting the petition's allegations. (*People* v. *Reed,* 36 Ill.2d 358, 360; *People* v. *Ashley,* 34 Ill.2d 402, 411.) Considering these standards, we judge that the petition, so far as these allegations are concerned, was properly dismissed. The allegation of improper argument by the prosecutor was not supported by affidavit, the record or other proof. It appears that no transcript of the argument was ever made, but this circumstance did not render the petition's merely conclusional allegations sufficient. Nor did it excuse the submission of an affidavit. The petition's charge that the State had suppressed evidence supposedly favorable to the petitioner was unsupported, too. Consistent with what we have noticed above relative to requirements for a hearing, we have held that an identical allegation, standing alone, is not sufficient to require an evidentiary hearing. *People* v. *Collins,* 39 Ill.2d 286.

The record does not disclose when the claimed suppression became known to the petitioner. For reasons which will become clear from our consideration of the petitioner's next contention, we have assumed that this knowledge came to the petitioner after his appeal to the appellate court.

The petitioner argues, too, that a procedural rule relating to motions for directed verdicts, operated as an unconstitutional interference with the exercise of his sixth amendment rights. The rule is that if a defendant, at the conclusion of the presentation of the State's evidence, moves for a directed verdict and the motion is denied, any error in the trial court's ruling is to be considered waived for purposes of appeal if the defendant proceeds to put on evidence in his own behalf. (*People* v. *Slaughter,* 29 Ill.2d 384; *People* v. *Washington,* 23 Ill.2d 546.) On direct appeal, the appellate court invoked the rule in affirming the trial court's denial of the petitioner's motion for a directed verdict. The

challenge to the rule could have been raised on appeal and is, therefore, barred from consideration in a proceeding under the Post-Conviction Hearing Act by operation of the doctrine of *res judicata*. As we put it in *People* v. *Derengowski,* 44 Ill.2d 476, 479: "Furthermore, it is not within the view of the Act to have claims determined which could have been presented on direct review of the conviction. (*People* v. *Doherty,* 36 Ill.2d 286), and to this end we have consistently held that when an appeal is taken, as it was in this case, the judgment is *res judicata* not only as to all issues actually raised, but also as to those issues which could have been raised but were not, the latter issues being deemed to have been waived. (*People* v. *Kamsler,* 40 Ill.2d 532; *People* v. *Armes,* 37 Ill.2d 457.)" See *People* v. *Weaver,* 45 Ill.2d 136.

The last claim of the petitioner is that counsel appointed in connection with the post-conviction petition was inadequate and deprived him of effective representation at the hearing on the petition. The record shows that counsel, who had been appointed at the request of the petitioner, wrote to him and advised that he had reviewed the petition and had concluded that it was insufficient under the Act. The letter requested the petitioner to forward the transcript of the trial proceedings to the attorney so that it might be studied to ascertain whether there were in fact any constitutional issues which could be presented. Counsel also requested the petitioner to inform him of any other information which he considered pertinent to his claims of constitutional violation. Two weeks later the petitioner answered the letter and advised counsel that he would not be, as the petitioner put it, "compatible" in the post-conviction proceedings. The petitioner's reply further indicated that he would not forward the transcript to counsel and that, in fact, he did not trust the attorney or anyone else. This letter was mailed to the attorney about one month prior to the hearing on the State's motion to dismiss the petition. The petitioner did complain

to a bar association concerning what the petitioner considered to be his attorney's inadequate representation but he did not ask the trial court to appoint different counsel. Where a petitioner refuses, as here, to co-operate with counsel he cannot properly complain of possible inadequacy of representation which is attributable to his own deliberate conduct. As in *People* v. *Bright*, 42 Ill.2d 331, 333, the petitioner here would not accept counsel.

For the reasons given, the judgment of the circuit court of Rock Island County is affirmed.

*Judgment affirmed.*