THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT J. SULLIVAN, Defendant-Appellant.

(No. 56565;

First District—July 14, 1972.

James C. Mallon, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Arthur L. Belkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal from the dismissal of defendant's post-conviction petition which was transferred to this court from the Supreme Court. Defendant contends that (1) the court abused its discretion in not appointing private counsel to represent him in the post-conviction proceeding; (2) he was denied any representation at the hearing on the State's motion to dismiss his *pro se* petition; (3) the representation by his appointed counsel was wholly inadequate; (4) he was deprived of vari-

ous constitutional rights; (5) he had a right to be present in court to contradict statements detrimental to his interests.

Defendant was arrested on June 27, 1968. Subsequently six indictments were returned, three charging him with rape and one each for armed robbery, attempted rape and unlawful possession of narcotic drugs (marijuana). On July 25, 1968, counsel from the Public Defender's office was appointed by the court, but defendant refused to accept this appointment. An order was entered that the Public Defender be appointed as counsel in an advisory capacity only. On August 23, 1968, leave was given to the Public Defender to withdraw as counsel and the appearance of attorney Edison L. Hoard was filed as counsel for defendant.

On November 6, 1968, after consulting with Mr. Hoard and being properly admonished by the court, the defendant pleaded guilty to each of the six indictments. He was sentenced to varying concurrent terms, the maximum being 14 to 25 years for rape.

On November 20, 1969, defendant filed a *pro se* petition under the Illinois Post Conviction Hearing Act, (Ill. Rev. Stat. 1967, ch. 38, par. 122), alleging: Denial of right to counsel at interrogation following arrest; failure to give *Miranda* warning; police brutality at his arrest, interrogation and lineup; the trial court's denial of motion to suppress illegally seized evidence; denial of his right to counsel at a pre-indictment lineup which was so suggestive as to deny him due process of law; excessive bail; denial of right to a jury trial. The petition also stated that his guilty plea was coerced by a statement of the arresting officer that he would get a life sentence if he did not plead guilty and a statement by an Assistant State's Attorney "that if petitioner asked for a jury trial on each charge and lost just one, that the state's [sic] Attorney would ask for a maximum sentence of 150 years"; and that the State failed to prove him guilty beyond a reasonable doubt. The prayer for relief in the petition requested the court to appoint competent counsel other than a public defender, to present his petition to the court and that the judgment be vacated. In his motion for appointment of counsel filed with the *pro se* petition, he again repeated his request for counsel other than public defender alleging denial of competent counsel due to "threats by lawyers and judicial authorities." At the time of filing his petition, defendant filed for a writ of *habeas corpus ad testificandum* for personal appearance at the hearing on his post-conviction petition.

The Public Defender's office was appointed to represent the defendant. On February 6, 1970, the State's Attorney filed a motion to dismiss defendant's *pro se* post-conviction petition. On April 24, 1970, defendant filed a *pro se* motion for change of counsel repeating once again his

desire for counsel other than the Public Defender. In this motion he alleged that Mr. Rantis of the Public Defender's office did not consult with him and that the Public Defender could not adequately investigate his case because the Public Defender's office is understaffed, overworked, underpaid and ineffective in handling complex cases.

On April 29, 1970, a hearing was held on the State's motion. At the hearing Mr. Rantis of the Public Defender's office stated that Mr. Winiger, who is no longer with the Public Defender, handled the defendant's case. He further stated, "[W]e have read the transcript of the proceedings, we have read the petition, we have had personal interviews with Mr. Sullivan which occurred on 12-12-'69. A personal visit was made by Mr. Winiger. Mr. Winiger notes to me that Mr. Sullivan would not cooperate with him and would not talk to him. He [defendant] wants us to stand on his petition, and this is what we are going to do, but I want to make it part of the record."

The court sustained the State's motion to dismiss and ordered that the post-conviction petition be denied.

*Opinion*

■■ Defendant's first contention is that the court abused its discretion by failing to appoint private counsel to represent him in the post-conviction proceedings.

Defendant's argument is without basis. Ill. Rev. Stat. 1967, ch. 34, par. 5604, states: "Any court may, with the consent of the defendant and *for good cause shown,* appoint counsel other than the public defender, and shall so appoint if the defendant or accused shall demand and *show good cause* for that appointment." (Emphasis added.) Defendant has failed to show good cause in his petition and motions by his general allegations of threats by unspecified "lawyers and judicial authorities" and equally general allegations that the Public Defender is understaffed, overworked, underpaid and ineffective in handling complex cases.

The record shows that before trial the Public Defender withdrew and defendant requested permission to defend *pro se.* However, at the time defendant pleaded guilty he was represented by counsel of his own choice who advised the court that he had had a conference with defendant and defendant's father after which the plea of guilty was entered. The court properly admonished the defendant as to the consequences of his plea and a stipulation of facts was presented.

■■ Defendant's contention in his second *pro se* motion for change of counsel that George Rantis did not consult with him is irrelevant. The record shows that Mr. Winiger, who handled the defendant's case, did consult defendant and defendant refused to cooperate. We therefore find no showing of good cause for change of counsel.

■■ Defendant relies on *People v. Smith*, 37 Ill.2d 622, 230 N.E.2d 169, wherein the court held that the defendant was entitled to counsel other than the Public Defender. The court in *Smith* based its conclusion on the fact that the defendant's petition was based in part on the incompetency of the Public Defender at his trial. There is no such conflict of interest in the case at bar since defendant was not represented at trial by the Public Defender. Therefore the court did not abuse its discretion in not appointing private counsel.

■ Defendant next contends that he was denied any representation at the hearing on the State's motion to dismiss his *pro se* petition in that he was "forced" to accept the Public Defender. The Public Defender, in fact, consulted with the defendant and was advised by him that he wished to stand on his *pro se* petition. The Public Defender was properly appointed and defendant was represented.

■■ Defendant contends that the representation by his appointed counsel was wholly inadequate. He relies on *People v. Slaughter*, 39 Ill.2d 278, 285, 235 N.E.2d 566, 569, wherein the Supreme Court set forth the standard of representation for post-conviction petitions:

"To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se*, so that it would adequately present the prisoner's constitutional contentions. The statute can not perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court."

The Public Defender in the case at bar complied with the requirements of *Slaughter*. The defendant's failure to cooperate with counsel and his desire to stand on his petition do not negate this compliance.

In *People v. Curtis*, 48 Ill.2d 25, 30, 268 N.E.2d 29, 32, the court stated:

"Where a petitioner refuses, as here, to cooperate with counsel he cannot properly complain of possible inadequacy of representation which is attributable to his own deliberate conduct."

Defendant has cited a number of cases which followed *Slaughter* which are not applicable. In all of those cases the Public Defender failed to contact and confer with the defendant—unlike the case at bar.

We therefore find that the petitioner had adequate representation at his post-conviction hearing.

■■■ In his petition defendant asked the court to vacate and set aside his conviction stating a number of alleged violations of his constitutional rights. In his 16 page narrative petition he includes: The right to counsel, illegal search and seizure, excessive bail, failure to prove his guilt beyond a reasonable doubt, right to a jury trial and police brutality. However, the record, carefully scrutinized by the trial judge and by us, shows that at the time he pleaded guilty he had the advice of private counsel and was properly admonished by the trial court. "It is also settled that a constitutional right, like any other right of an accused, may be waived, and a voluntary plea of guilty waives all errors or irregularities that are not jurisdictional." (*People v. Brown*, 41 Ill.2d 503, 505, 244 N.E.2d 159, 160.) We also find no merit in petitioner's bare allegation that the court did not have jurisdiction. We therefore find no error in the dismissal of the post-conviction petition.

■■ Petitioner's final contention is that he had a right to be present at the hearing so that he could contradict statements detrimental to his interest. In *People v. Hamby*, 39 Ill.2d 290, 291, 235 N.E.2d 572, 574, the court states:

"The defendant's primary contention in this court is that an adequate review of his claims required that he be present in court to aid his appointed attorney in the argument upon the legal sufficiency of his post-conviction petition. But it has been generally recognized that hazards, as well as expense, are involved in transporting prisoners to courtrooms for hearings in collateral proceedings, and these considerations have precluded acceptance of the defendant's contention. * * * It is only when factual issues are to be determined that the presence of the defendant at the hearing may be necessary."

Since no factual issues were raised in his petition, the court properly denied defendant's motion for a writ of *habeas corpus ad testificandum*.

For the foregoing reasons the judgment is affirmed.

Judgment affirmed.

LORENZ, P. J., and ENGLISH, J., concur.