THE PEOPLE *ex rel.* BOBBY BRIGHT, Relator-Appellant, *v.* JOHN J. TWOMEY, Warden, Illinois State Penitentiary at Joliet, Respondent-Appellee.

(No. 57101;

First District (1st Division)—September 10, 1973.

James J. Doherty, Public Defender, of Chicago, (John T. Moran, Jr., Assistant Public Defender, of counsel,) for appellant.

444

Bernard Carey, State's Attorney, of Chicago, (James S. Veldman and Douglas Cannon, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE EGAN delivered the opinion of the court:

The defendant was convicted in 1964 of aggravated battery and attempt murder; he was sentenced to concurrent terms of 15 to 20 years on the attempt murder and 7 to 10 years on the aggravated battery. It is conceded that both offenses arose out of the same conduct.

The judgment was affirmed in 1966 after direct appeal. (*People v. Bright*, 78 Ill.App.2d 2, 223 N.E.2d 215.) Subsequently, in 1969, the Illinois Supreme Court affirmed a dismissal of his post-conviction petition on the grounds that the issues raised in the post-conviction petition had been decided in the direct appeal and were res judicata. (*People v. Bright*, 42 Ill.2d 331, 247 N.E.2d 426.) In January, 1971, the circuit court of Will County dismissed his petition for writ of habeas corpus and the Appellate Court, Third District, affirmed. (*People ex rel. Bright v. Twomey*, 4 Ill.App.3d 365, 279 N.E.2d 538.) This appeal is from a denial of the defendant's petition for writ of habeas corpus in the circuit court of Cook County. In none of the previous appeals has the defendant contended, as he does here, that the concurrent sentences for two offenses arising from the same conduct are improper. While a serious question of waiver is thereby raised, to obviate, if possible, any further appeals we will consider the case on the merits.

■■ It has been consistently held that a court has jurisdiction to release a prisoner on habeas corpus only where the original judgment under which the prisoner is incarcerated was rendered by a court lacking jurisdiction of the subject matter or of the person of the defendant, or where something has happened since his detention under the conviction to entitle the prisoner to release. (*People ex rel. Lewis v. Frye*, 42 Ill.2d 311, 247 N.E.2d 410.) The question of the trial court's jurisdiction over the defendant has been decided adversely to him in both the direct appeal and the post-conviction appeal. The only question then is whether "something has happened" since his incarceration which would entitle him to release. Both the defendant, *pro se,* and his court-appointed counsel have submitted briefs. The defendant's brief asserts: "Discharge of defendant's sentence for aggravated battery, on July 2, 1971, entitles defendant to his immediate release."

■■ We agree that the sentence for aggravated battery was improper, and concede that if he had been sentenced under that count alone or to a sentence of 7 to 15 years on both counts, he would have served his sentence. The defendant's argument, however, is based on the assumption that the lesser offense absorbs the greater, and where a defendant is

improperly sentenced for two separate offenses the lesser sentence controls. The law is to the contrary. (*People v. Stewart,* 45 Ill.2d 310, 259 N.E.2d 24.) The trial court correctly stated the law in his finding:

"It all depends on one's perspective. I think it would be just the opposite, the lesser would merge with the greater and the greater sentence would be imposed. And I think, therefore, that the motion to dismiss the petition will be allowed."

Court-appointed counsel also argues that merger operated as a matter of law and, since his sentence on aggravated battery was improper, he is entitled to relief because of the "prejudice necessarily inherent in the multiple sentences to his chances of parole." If the contention of court-appointed counsel is correct, then we would have the anomalous and unjust result that one improperly sentenced on one count, who does not raise the point through three appeals until the improper sentence was completed, would be entitled to immediate discharge, while the defendant properly sentenced under the same circumstances would be entitled only to such relief as the parole board deemed appropriate.

■■ While we observe, for whatever guidance our words may give the parole board, that the sentence for aggravated battery was improper, we conclude that the defendant is now incarcerated under a valid sentence for attempt murder. The petition for a writ of habeas corpus was properly denied, and the judgment of the circuit court is affirmed.

Judgment affirmed.

GOLDBERG and HALLETT, JJ., concur.