THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT JONES, Defendant-Appellant.

First District (2nd Division)   No. 83—2000

Opinion filed November 27, 1984.—Rehearing denied January 8, 1985.

Steven Clark and Karen Michels, both of the State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Frank G. Zelezinski, and Robert J. Prendergast, Assistant State's Attorneys, of counsel), for the People.

· JUSTICE PERLIN delivered the opinion of the court:

In 1977, Robert Jones (defendant) was convicted of the murders of Samuel and Campbell Thompson and sentenced to a term of 100 to 300 years in the Illinois Department of Corrections. Defendant's convictions and sentence were affirmed by this court in his direct appeal (*People v. Jones* (1980), 84 Ill. App. 3d 896, 406 N.E.2d 112).

In February 1982, defendant filed a *pro se* post-conviction petition pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1981, ch. 38, par. 122—1 *et seq.*). Simultaneously, defendant filed an indigency petition and motion for appointment of counsel in which he requested appointment of an attorney who is "a member of the Illinois Bar Association, definate [*sic*] not a Public Defender, for a [period] of at least five (5) years." The case was assigned to Judge Bailey, who had presided over defendant's trial. The State moved to dismiss the petition. Judge Bailey assigned the public defender's office to represent defendant.

In June 1983, defendant filed a *pro se* "Motion for substitution of Judge for Cause" wherein he alleged the trial court was prejudiced against him. The sole factual allegation therein was that the trial

judge, when sentencing defendant following his trial in 1977, allegedly stated that he "hoped" defendant would die in prison or he "wanted" defendant to die in prison.

In August 1983, the public defender assigned to defendant's case filed, *instanter*, a motion for leave to withdraw as counsel. The motion stated that defendant had filed a complaint against counsel with the Attorney Registration and Disciplinary Commission in which he charged that she was "indifferent" to his post-conviction petition. The motion to withdraw further stated that the defendant's complaint "would make it difficult to continue to represent [defendant] in an unbiased and fair manner." Attached to the motion was a letter from the commission which advised counsel that the commission had decided "to proceed no further with this matter."

In support of her motion to withdraw, defense counsel related that she had met with defendant in prison, and that he thereafter refused to respond to a questionnaire she had given him. She stated further that she had been unable to locate a copy of defendant's trial transcript and that she had been advised that defendant had filed a Federal *habeas corpus* complaint "and for those reasons I would like to withdraw as counsel in this matter."

The court then granted counsel's motion to withdraw and without appointing substitute counsel dismissed defendant's post-conviction petition.

On appeal, defendant contends that he was denied adequate representation of counsel because defense counsel failed to comply with Supreme Court Rule 651(c), and because the court dismissed the petition at a time when defendant was without counsel.

The State contends that defendant was not denied adequate representation of counsel, but rather that defendant "refused to cooperate with the public defender properly appointed to represent him and that defense counsel's alleged failure to comply with Supreme Court Rule 651(c) was also the result of defendant's own lack of cooperation."

▮ The relevant section of the Act effective at the time of the adjudication of defendant's petition provided:

> "If the [post-conviction] petition alleges that petitioner is *** without counsel and alleges that he is without means to procure counsel *** [and] appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." (Ill. Rev. Stat. 1981, ch. 38, par. 122–4.)

Under the circumstances of the present case, defendant was entitled

to appointment of counsel. *People v. Dye* (1971), 50 Ill. 2d 49, 277 N.E.2d 133.

The duties of appointed counsel in post-conviction proceedings are addressed in Supreme Court Rule 651(c) which provides, in part:

> "The record filed in [the appellate court] shall contain a showing *** that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 87 Ill. 2d R. 651(c).

■ This rule "explicitly requires a showing that counsel has examined the trial record." (*People v. Brown* (1972), 52 Ill. 2d 227, 230, 287 N.E.2d 663.) It is uncontradicted that in the instant case, appointed counsel did not examine the record of defendant's trial; defendant was therefore deprived of the assistance of counsel as required by this supreme court rule.

■ We believe also that the trial court erred in dismissing the post-conviction petition at a time when defendant was not represented by counsel. The motion by defendant's counsel for leave to withdraw was filed *instanter* on the day the motion was heard. The record reflects no notice of motion addressed to defendant nor does the report of proceedings indicate defendant was ever advised of his attorney's request to withdraw. Defendant was not in court on the day the motion was heard. In such situations, it has been held that the trial court "should have appointed other counsel or, at the least, determined that defendant did not desire other counsel." (*People v. Partee* (1980), 85 Ill. App. 3d 679, 682, 407 N.E.2d 215.) "The failure to adequately notify the defendant of this motion and to give him sufficient time to respond thereto resulted in effectively depriving him of any representation at the hearing which ultimately ended in the dismissal of his petition." *People v. Sherman* (1981), 101 Ill. App. 3d 1131, 1133, 428 N.E.2d 1186.

It is the State's contention that defendant's claim of inadequate assistance of counsel is without merit because it "was due to his refusal to cooperate with counsel," citing to *People v. Curtis* (1971), 48 Ill. 2d 25, 268 N.E.2d 29. In that case the supreme court held "[w]here a petitioner refuses, as here, to cooperate with counsel he cannot properly complain of possible inadequacy of representation which is attributable to his own deliberate conduct." (48 Ill. 2d 25, 30.) In *Curtis*, the court found that defendant had written to his appointed counsel and stated he would not be "compatible" with coun-

sel; refused to give counsel a copy of the trial transcript; and complained to the bar association concerning what defendant believed was counsel's inadequate representation. In contrast, in the instant case the only facts alleged by counsel as the basis for her motion to withdraw were: (1) that defendant "refused to send in" copies of unspecified questionnaires; and (2) that the defendant had complained to the Attorney Registration and Disciplinary Commission that counsel appeared "indifferent" to his case because, since her appointment as counsel more than 10 months before, she had failed to consult with him despite several requests from defendant, and had merely continued his case seven times. We do not find these two facts sufficient to establish a refusal by defendant to cooperate. (Compare with allegations of *Curtis* and *People v. Sullivan* (1972), 6 Ill. App. 3d 814, 286 N.E.2d 605, where the defendant refused to speak with his appointed counsel and refused to allow them to amend his *pro se* post-conviction petition.)

For the aforestated reasons, we find that defendant was denied his right to counsel, and this case must be reversed and remanded for further proceedings.

We observe that an indigent defendant does not have a right to appointment of counsel other than a public defender. He is entitled to appointment of an attorney other than a public defender "only upon a showing of good cause *** and, in the absence of a showing of good cause, it is within the trial court's discretion to deny such a request. [Citation.]" *People v. Drew* (1976), 36 Ill. App. 3d 807, 810, 345 N.E.2d 45.

We note that the provisions of the Post-Conviction Hearing Act have been substantially amended since the adjudication of defendant's petition. The newly amended provisions will control subsequent proceedings in this case. (*People v. Ward* (1984), 124 Ill. App. 3d 974, 464 N.E.2d 1144.) While at the time of the adjudication of defendant's petition the appointment of counsel was mandatory, this no longer applies. Newly enacted section 122—2.1 of the Act now provides:

"(a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry.

(b) If the petition is not dismissed pursuant to this Section,

the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6.

(c) In considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 122—2.1.)

Section 122—4 now provides:

"If the petition is not dismissed pursuant to Section 122—2.1, and alleges that the petitioner is unable to pay the costs of the proceeding, the court may order that the petitioner be permitted to proceed as a poor person and order a transcript of the proceedings delivered to petitioner in accordance with Rule of the Supreme Court. If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, and the petition is not dismissed pursuant to Section 122—2.1, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." (Additions underscored.) (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 122—4.)

Thus, in the instant case, whether defendant is entitled to appointment of counsel will depend upon, *inter alia,* the trial court's adjudication pursuant to section 122—4.

Defendant has urged in this appeal that the trial court erred in failing to rule on defendant's motion for a substitution of judge. We note that newly enacted section 122—8 of the Act mandates that postconviction proceedings "shall be conducted and all petitions shall be considered by a judge who was not involved in the original proceeding which resulted in conviction." (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 122—8.) We therefore find it unnecessary to address defendant's contention that the trial judge should have ruled on defendant's motion for substitution of judge.

For the aforestated reasons, the trial court's order dismissing defendant's post-conviction petition is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STAMOS and DOWNING, JJ., concur.