THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BERNARD COOPER, Defendant-Appellant.

First District (2nd Division) No. 84—2726

Opinion filed October 7, 1986.

James J. Doherty, Public Defender, of Chicago (Debra A. Zisook, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Donald G. Schweihs, Peter D. Fischer, and Virginia M. Bigane, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SCARIANO[1] delivered the opinion of the court:

Defendant appeals from an order of the circuit court of Cook County dismissing his petition for post-conviction relief without an evidentiary hearing. He contends that the court erred in summarily dismissing his petition without entering a written order setting forth the reasons for the dismissal as required by section 122—2.1(a) of the Post Conviction Hearing Act (hereinafter the Act) (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(a)); and, in a supplemental brief, he urges that the dismissal order must be vacated because matters raised in his petition were heard by the same judge who presided over his trial in violation of section 122—8 of the Act (Ill. Rev. Stat. 1984 Supp., ch. 38, par. 122—8).[2]

The record shows that after a jury trial in 1979, defendant was convicted of murder, aggravated kidnaping and two counts of armed robbery. He was then sentenced to concurrent terms of 100 to 200 years for murder, 15 years for aggravated kidnaping and 30 years for each of the armed-robbery convictions. This judgment was affirmed on direct appeal in an unpublished Rule 23 order. *People v. Cooper* (1980), 87 Ill. App. 3d 1196.

Following that affirmance, defendant filed a *pro se* petition for post-conviction relief alleging that his sentences were excessive and that prison authorities had miscalculated the time for his parole hearing. The petition was filed on October 23, 1981, and the State moved to dismiss the petition, alleging, *inter alia*, that defendant had failed to raise any constitutional issues within the purview of the Act and that the doctrines of *res judicata* and waiver were applicable in light of the affirmance on direct appeal.

The cause was continued numerous times at defendant's behest until September 14, 1984. At that time his appointed counsel filed a

---

[1]Justice Perlin participated in the above-entitled cause prior to his retirement. Since that time Justice Scariano was designated the third member of the panel, has read the briefs and filings in this matter, and reviewed all the arguments.

[2]In a prior order filed pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23), we affirmed the dismissal of defendant's petition for post-conviction relief by the circuit court of Cook County. Following the entry of that order, defendant filed a petition for rehearing and we directed the State to answer. In light of those developments, we vacated the Rule 23 order on October 16, 1985, deny defendant's petition for rehearing, and issue this opinion.

certificate of compliance with Supreme Court Rule 651(c) (87 Ill. 2d R. 651(c)) along with a supplemental petition alleging that defendant's right to due process of law had been violated when the trial court denied his post-trial request for a fitness hearing. The State reviewed the history of the case leading to the post-conviction petition, and requested that its motion to dismiss be sustained. After defense counsel asserted that the issue of defendant's fitness to stand trial was a question of constitutional dimension, the hearing was delayed for further argument.

When the hearing reconvened on November 9, 1984, defense counsel acknowledged that the issue of defendant's fitness had been raised in a post-trial motion and that arguments had been heard by the court. Defendant had also been allowed to supplement the record with medical reports, after which the motion was denied. Counsel then asserted that since there was sufficient evidence in the record to raise a *bona fide* doubt of defendant's physical fitness to stand trial, appellate counsel was incompetent for failing to raise the issue on direct appeal. The court commented that present counsel was "second guessing" appellate counsel and without further colloquy or elucidation dismissed the petition.

Defendant contends that this summary dismissal without a written order setting forth the reasons for the dismissal, as required by section 122—2.1(a) of the Act (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(a)), constituted reversible error. This section provides:

"Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry."

Defendant maintains that since no written order was entered, the judgment must be reversed and the cause remanded.

The State responds that this section is inapplicable to the instant case because the petition was not dismissed summarily. The State points to the fact that there was no court action upon defendant's petition until after counsel was appointed to represent defendant and, further, that a supplemental petition was filed, argument heard on the petition and the matter was disposed of in open court.

■ We note initially that under the provisions of the Act, appointment of counsel is not mandatory (*People v. Jones* (1984), 129 Ill.

App. 3d 368, 472 N.E.2d 818), but will be provided if the petition is not dismissed pursuant to section 122—2.1 and the court is satisfied that a petitioner who has requested representation is without means to retain his own counsel. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—4.) This change in procedure has been viewed as an attempt to screen out, at an early stage, cases which have no merit. See discussion in *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724.

■ By contrast, it is apparent from the procedure followed in the instant case that defendant's petition was processed according to the procedures in effect at the time the petition was filed. The record indicates that counsel was appointed without the review contemplated in section 122—2.1, a supplemental petition was prepared and filed by appointed counsel, and the matter progressed to a hearing on the State's motion to dismiss. (Ill. Rev. Stat. 1983, ch. 38, par. 122—5.) The parties then presented and argued their respective positions in two hearings, and the court sustained the State's motion and dismissed defendant's petition. Under these circumstances we conclude that section 122—2.1(a) is not applicable here and, accordingly, that reversal or remandment is unwarranted.

■ It is well settled that the dismissal of nonmeritorious petitions on motion is within the contemplation of the Act and necessary to the orderly and expeditious disposition of these petitions. (*People v. Curtis* (1971), 48 Ill. 2d 25, 27, 268 N.E.2d 29.) Thus, where a petition fails to present a substantial constitutional violation, the trial court may dismiss the nonmeritorious petition without an evidentiary hearing. (*People v. Harris* (1980), 91 Ill. App. 3d 376, 414 N.E.2d 911.) Although a brief statement of the trial court's findings or reasons for its order or rulings is desirable (see *People v. Hamby* (1965), 32 Ill. 2d 291, 205 N.E.2d 456), there appears to be no specific statutory requirement that the court enter a written order after such a disposition under the circumstances of this case.

■ At this point we note parenthetically that the provisions calling for the trial court to specify its findings of fact and conclusions of law in the written dismissal order of a nonmeritorious post-conviction petition pursuant to section 122—2.1(a) has been held to be directory rather than mandatory. (*People v. Cox* (1985), 136 Ill. App. 3d 623, 483 N.E.2d 422.) Consequently, the failure to include the particulars called for in the written order does not, in itself, require reversal of the dismissal order. (See 136 Ill. App. 3d 623, 483 N.E.2d 422.) Moreover, where, as here, the reasons for the dismissal of the petition are readily discernible from the record (*cf. People v. Hamby* (1965), 32 Ill. 2d 291, 205 N.E.2d 456), we find no need to remand the cause for

clarification.

The record shows that, at the hearing on the motion, post-conviction counsel alleged that defendant's appellate counsel was incompetent for filing a motion to withdraw as counsel pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, when there were sufficient facts brought before the court to raise a *bona fide* doubt of defendant's fitness to stand trial and a hearing was not held. The record indicates that the transcript of defendant's post-trial motion was included in the record on appeal, and when defendant was advised of appellate counsel's request to withdraw and submit any points in support of his appeal, he did not respond.

■■ ■ An allegation of ineffective assistance of appellate counsel may raise an issue of constitutional stature which is cognizable in a post-conviction proceeding. (*People v. Perez* (1983), 115 Ill. App. 3d 446, 450 N.E.2d 870.) However, it is settled that appellate counsel is not required to brief every possible issue on appeal (*Jones v. Barnes* (1983), 463 U.S. 745, 77 L. Ed. 2d 987, 103 S. Ct. 3308), and the failure to raise an issue on appeal does not constitute incompetence unless the issue was patently meritorious (*People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E.2d 25). The record before us does not indicate that appellate counsel's judgment in this matter was erroneous or constituted incompetence, and we are inclined to agree with the trial court's assessment that post-conviction counsel was merely "second guessing" appellate counsel at this stage of the proceedings. It is well settled that arguments based on hindsight and conjecture will not support a claim of incompetence. See *People v. Hawk* (1981), 93 Ill. App. 3d 175, 416 N.E.2d 717; see also *Jones v. Barnes* (1983), 463 U.S. 745, 77 L. Ed. 2d 987, 103 S. Ct. 3308.

■ In his supplemental brief defendant contends that the trial court's dismissal order must be vacated because the matters raised in his post-conviction petition were heard by the same judge who presided over his trial in violation of the post-conviction statute.

Section 122—8 of the Act (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8) provides:

> "All proceedings under this Article shall be conducted and all petitions shall be considered by a judge who was not involved in the original proceeding which resulted in conviction."

This section became effective on November 23, 1983, and in *People v. Ruiz* (1985), 107 Ill. 2d 19, 479 N.E.2d 922, the Illinois Supreme Court held the provision procedural in nature and therefore applicable to cases filed prior to the effective date. More recently, however, our supreme court addressed the question of whether the provision at is-

418

sue herein was constitutional. In *People v. Joseph* (1986), 113 Ill. 2d 36, the court held that the legislature invaded a judicial prerogative, the assignment of cases, when it enacted the provision at issue herein. After concluding that the power to assign cases was constitutional in derivation, whereas the provision at issue herein was obviously statutory in nature, the court found that the statute must yield to court rule on assignment and, accordingly, held the provision unconstitutional. Likewise herein, we must reject defendant's argument, as it has been preempted by the decision in *Joseph*.

For the reasons stated above, the judgment of the circuit court is affirmed.

Judgment affirmed.

BILANDIC, P.J., and HARTMAN, J., concur.