THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID L. MOORE, Defendant-Appellant.

Third District   Nos. 3—89—0506, 3—89—0507 cons.

Opinion filed July 24, 1991.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, David L. Moore, was charged in a one-count indictment in Peoria County case No. 85—CF—630 with the offense of theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(b)). In case No. 85—CF—629, the defendant was charged in a four-count indictment with one count of theft and three counts of forgery (Ill. Rev. Stat. 1985, ch. 38, pars. 16—1(b), 17—3(a)(2)).

On December 26, 1985, the defendant entered negotiated pleas of guilty to all of the charges. The trial court sentenced him to concurrent terms of imprisonment of four years and four months for each of the five convictions. On November 30, 1988, the defendant filed a *pro se* petition for post-conviction relief in each case. The trial court denied the defendant's petition. The defendant appeals. We affirm.

The record reflects that under the terms of the plea agreement, the State agreed the defendant would be given concurrent terms of imprisonment of four years and four months on all charges. After the court accepted the defendant's guilty pleas, both parties waived a presentence report and an immediate sentencing hearing was held. When the trial court asked if the defendant had any criminal history, the prosecutor referred to two convictions for forgery and theft in Indiana, and stated that she had also received some information by teletype about an unspecified conviction in Maine. Upon questioning by the trial court, the defendant admitted having convictions for forgery and theft in Indiana. After both parties waived arguments, the court imposed the agreed-upon sentence.

Almost three years later, the defendant filed a *pro se* petition for post-conviction relief in each case. The petitions alleged, *inter alia,* that the defendant had been denied his right to the effective assistance of counsel in the original trial court proceedings. Specifically, the petitions claimed that defense counsel (1) failed to properly investigate the facts of the cases, including the defendant's prior record, and (2) misrepresented the terms of the plea agreement to the defendant by telling him that Clinton County, Indiana, had agreed to drop pending charges against him. The defendant explained the charges were not dropped and that he was subsequently found guilty of forgery and sentenced as a habitual offender to a term of 30 years in prison.

On January 4, 1989, the trial court appointed the public defender of Peoria County to represent the defendant. Prior to the evidentiary hearing, defense counsel filed a petition for a writ of *habeas corpus ad testificandum,* requesting the defendant's presence at the hearing. The petition was denied.

At the hearing, the only witness was Ronald Hamm, a partner of the law firm which had represented the defendant in the original trial court proceedings. Hamm testified he met with the defendant more than six times at the Peoria County jail. At some time during those meetings, the two discussed pending charges in Indiana. Hamm further testified he contacted the prosecutor's office in the county in Indiana where the charges were pending in an attempt to negotiate an agreement, but was told they intended to continue with the prosecution. He stated this call was probably made a couple of weeks prior to the defendant's guilty pleas in this case. Hamm denied having told the defendant the Indiana charges would be dropped. He also recalled a conversation in which they discussed the likelihood that Indiana would seek the defendant's return for trial after he was sent to the Illinois Department of Corrections.

Hamm concluded his testimony by noting the plea agreement in this case extended to cases in Tazewell County as well, and that the defendant was pleased with the agreement because he was not required to make restitution. Additionally, he noted the defendant did not provide him with any exculpatory evidence or witnesses with respect to the Peoria County cases.

At the conclusion of Mr. Hamm's testimony, defense counsel again requested to have the defendant present to testify, but the trial court refused. After hearing the arguments of counsel, the trial court denied the defendant's petition for post-conviction relief.

On appeal, the defendant argues the trial court abused its discretion in refusing to permit the defendant to be present at the evidentiary hearing on his petition for post-conviction relief. The defendant contends that since the trial court was called upon at the hearing to resolve a question of fact, based on evidence it heard that day, the defendant should have been present. We do not agree. Defendant asserts he could have greatly assisted his post-conviction counsel in questioning Mr. Hamm about their communications. Furthermore, the defendant contends that if he had been present at the hearing, he could have been called as a witness in order to rebut the particular claims by Mr. Hamm or to clarify points in his own affidavit.

■ When factual issues are to be determined at a post-conviction proceeding, the presence of the defendant may be necessary. (*People v. Hamby* (1968), 39 Ill. 2d 290, 235 N.E.2d 572.) However, while a defendant in a criminal case has a constitutional right to be present at his trial, that right does not carry over to post-conviction proceedings. (*People v. Jennings* (1957), 11 Ill. 2d 610, 144 N.E.2d 612.) Rather, the presence of the petitioner is ordinarily committed to the sound

discretion of the hearing judge. *People v. Ashley* (1966), 34 Ill. 2d 402, 216 N.E.2d 126.

The defendant argues that in *Hamby* the Illinois Supreme Court concluded the defendant must be present for an evidentiary hearing on his petition when factual issues are involved. We do not agree. In *Hamby*, the court did not state the defendant must be present. Rather, the court concluded that when factual issues are to be determined the presence of the defendant "may" be necessary. (*People v. Hamby* (1968), 39 Ill. 2d 290, 235 N.E.2d 572.) We believe that *Hamby* was not intended to subvert the general rule that the presence of the petitioner is ordinarily committed to the sound discretion of the hearing judge. Here, based upon the record, we find no abuse of that discretion resulting from the trial court's refusal to allow the defendant to appear personally.

We therefore affirm the judgment of the circuit court of Peoria County.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.